HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,

Plaintiff,

v.

EACCELERATION CORPORATION, d/b/a WWW.EACCELERATION.COM; d/b/a WWW.STOP-SIGN.COM,

Defendant.

Case No. C05-5251 RBL

ORDER ON MOTION TO DISMISS

THIS MATTER comes on before the above-entitled Court upon Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Dkt. #12].

Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff filed a complaint against defendant, alleging that defendant discriminated against plaintiff by failing to accommodate plaintiff's mental disability and by wrongfully discharging plaintiff in violation of the Americans With Disabilities Act and the Washington Law Against Discrimination. Plaintiff's complaint sets forth fourteen separate causes of action. By way of this motion, defendant seeks to dismiss seven of plaintiff's claims.

The facts as alleged by plaintiff in his complaint and which the Court must accept as true for purposes of this motion, *see Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998), briefly stated are as follows: Plaintiff, Vladik Bykov, was solicited for employment as a Support Technician by Clinton L. Ballard, the President and CEO of Defendant Eacceleration Corporation. After relocating from Redmond, Washington to Poulsbo,

Washington, plaintiff began his employment and training with defendant on or about May 17, 2004. Due to Bykov's mental disability, he had difficulties in learning the material and requested an accommodation. In response, Eacceleration requested that plaintiff undergo a standardized intelligence test, and on May 28, 2004 plaintiff took the test. Between May 28, 2004 and July 9, 2004, plaintiff's training as a Support Technician was discontinued, he is informed that his pay would be reduced and he was twice assigned different job duties. At some point during this time between May 28 and July 9, 2004, plaintiff informed defendant that he may need an accommodation to perform his newly-assigned duties. On July 9, 2004, defendant terminated Bykov's employment with Eacceleration.

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are disfavored, *Gilligan v. Jamco Corp.*, 108 F.3d 246, 249 (9th Cir. 1997), and are granted only in "extraordinary" circumstances. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); Schwarzer, Tashima, and Wagstaffe, <u>Federal Civil Procedure Before Trial</u>, Section 9:210 (The Rutter Group 2005). The plaintiff has set forth various causes of action and has pled his theories of relief in the alternative. Although he may have a difficult time in proving his claims, and may not ultimately be able to sustain his burden of proof in this action, dismissal at this early stage of the litigation before any discovery has occurred is premature. If defendant feels there is no merit to plaintiff's claims, it may file motions for summary judgment pursuant to Fed. R. Civ. P. 56. Therefore, it is hereby

**ORDERED** that Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Dkt. #12] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 11th day of October, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2