The Honorable Robert B. Leighton

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9
VLADIK BYKOV, Pro Se,

10
            Plaintiff,

11
      vs.

12
EACCELERATION CORPORATION, d/b/a
WWW.EACCELERATION.COM; d/b/a
WWW.STOP-SIGN.COM,

13

14

15
      Defendant.

**No. CV05-5251(RBL)**

**DECLARATION OF MARIE R.
WESTERMEIER IN SUPPORT OF
MOTION FOR PROTECTIVE
ORDER**

16
     I, Marie Westermeier, being over the age of eighteen (18) years and competent to testify

17
to the matters herein, declare and state as follows:

18
     1.    I am one of the attorneys representing Defendant, EACCELERATION

19
CORPORATION, d/b/a WWW.EACCELERATION.COM; d/b/a WWW.STOP-SIGN.COM in
this matter.

20
     2.    I met and conferred with the plaintiff in this matter on December 1, 2005, when

21
he appeared at my office unexpectedly for a Rule 26 conference that had been scheduled to occur

22
by telephone. At the meeting, Mr. Bykov and I agreed that all depositions in this matter would

23
be scheduled at the mutual convenience of the plaintiff, defense counsel, and the witnesses. The

24
plaintiff told me that he intended to take videotaped depositions at his apartment in Redmond,

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER - 1

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 F: (206) 622-8986

Washington, and that he wished to start with Jennifer Engstrom.  I told him that I did not think that his apartment was an appropriate place for a deposition, and I offered a conference room in my office instead.  I also told plaintiff that I would check with Ms. Engstrom to provide him with some dates for her deposition.  The very next day, without consulting my schedule or waiting to hear about the witness' availability, Mr. Bykov noted Ms. Engsrom's deposition for January 6 at his apartment in Redmond.

3.      When I contacted Ms. Engstrom about dates for her deposition, she strongly objected to going to the plaintiff's apartment.  Each person I subsequently spoke to at eAcceleration about the prospect of being deposed at the plaintiff's apartment had a very strongly negative reaction.  Some said that they absolutely would not, under any circumstances, go to the plaintiff's apartment.  The persons I spoke to include Nathan Inabinett, Clint Ballard, Jennifer Engstrom, David Nason and Ed Ahrens.  Each person told me that the plaintiff's behavior at the time he was terminated and afterward caused them some alarm, and they felt vulnerable at best at the idea of going to his apartment.  Each person also told me that they did not wish to have any direct contact with the plaintiff, and they especially did not want to be contacted at home.  For this reason, I have not provided the addresses and home telephone numbers of these persons to the plaintiff, and I told the plaintiff that we would object to having depositions at his apartment.

4.      After I told the plaintiff that we would not agree to any depositions at his apartment, the plaintiff noted up two more depositions at his apartment:   Clint Ballard and Nathan Inabinett.  I again told the plaintiff that we objected.  He then told me that he would seek subpoenas to force the depositions at his apartment.  A true and correct copy of his email response is attached as Exhibit 11.

5.      The experience of eAcceleration is that the plaintiff has not been cooperative with express instructions by his supervisors, by counsel, and direct requests from the company president to stop calling them and to stop bothering employees at work.  Details of those experiences are set forth in the declarations of Clinton Ballard and David Nason.  I have

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER - 2

explicitly instructed plaintiff to direct his communications to eAcceleration employees to me, but he has refused to do so. Since November, he has repeatedly called eAcceleration employees at work and even at their homes, despite the fact that they have told him that they do not wish to speak with him. In light of this pattern of harassing conduct, eAcceleration has a well-grounded fear that plaintiff will not comply with court orders limiting his contact with individuals. eAcceleration does not want plaintiff on its premises in light of his history of harassing and distracting employees, and therefore objects to his efforts to inspect the property pursuant to his Notice of Inspection.

6.      Immediately after the Rule 26 conference on December 1st, the plaintiff served a first set of Interrogatories, a Request for Production, a Request for Admission, and a Notice of Inspection. After plaintiff propounded his first set of Requests for Admission ("RFA") on December 6, he served a second set on December 7, the third set on December 8, and a fourth set on December 9. All of them dealt with his pre-hiring recruitment and hiring at eAcceleration. After receiving the 4th set, I requested a discovery conference with the plaintiff. Plaintiff told me that he wanted to confer by email instead of by telephone. I then told the plaintiff that I thought his requests were excessive and improper. His response was to argue with me and to serve six (6) *more* sets of RFAs over the next five days, for a total of 100 requests for admission. True and correct copies of the Requests for Admission are attached as Exhibits 1-10. The nature of the requests suggests that they are being used solely to avoid the Federal Rules limiting interrogatories, and that they are being propounded for the purpose of harassing and annoying the defendant.

7.      After I had substantially drafted the present motion for protective order and had gathered supporting documents, the plaintiff indicated that he was willing to discuss his requests for admission. Unfortunately, my experience with the plaintiff has proven that while he may represent that he will work cooperatively, he completely ignores my requests and violates any agreements that we have reached. For example, when preparing the Joint Status Report and Discovery Plan, the plaintiff ignored two draft reports that I had prepared and sent to him, and

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER - 3

instead he drafted a separate report for my review. When I made redlined changes to the report, the plaintiff incorporated some but not all of the changes, revised my language, and made further changes to the portion he had drafted, all without identifying the changes he had made. Between December 12 and December 16, when the report was due, the plaintiff emailed at least nine versions of the report, without identifying any of the changes. On December 16 alone, he sent the report six different times, and I hunted for changes in each version. At 11:00 AM on December 16, I sent the plaintiff what I hoped to be the final version of the Joint Status Report. Without explanation and without identifying the changes, the plaintiff then revised the Joint Status Report *again*. I asked him to tell me what the changes were, but he refused. I finally told the plaintiff that I would not be able to approve the report unless he identified the changes that he had made. His only response was to tell me to read the report and to ask me, in repeated emails, if I would sign it. Plaintiff continued to send emails after I informed him that I was leaving for the day. When plaintiff finally filed the report, he attached a "Stipulated Protective Order," to which I had not stipulated and which had not been presented to me before that day. He also attached the email that I had sent earlier in the day approving an earlier version of the report.

8. The plaintiff has requested to communicate with me by email. Unfortunately, he sends emails continuously through the day, and they are often only minutes apart. Although I initially attempted to respond to his emails, it soon became apparent that such dialogue was not progressing toward any conclusion, and that I was spending a great deal of time trying to respond to the plaintiff toward no productive end. True and correct copies of some of those emails are attached as Exhibit 12. I have had no choice but to limit my responses to the plaintiff, in order to avoid unnecessary expense to my client. My experience parallels that of the persons who worked with the plaintiff at eAcceleration, and it is because of plaintiff's refusal to behave in a cooperative or reasonable manner with any of the persons involved in this lawsuit that we now seek relief from the court.

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER - 4

1

2

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

3

Executed at Seattle, Washington, this 20ᵗʰ day of December, 2005.

4

5

Marie Westermeier

6

7

8

w:\wdclient\1330\00013\mm529411.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER - 5

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

**Exhibit 1**

HONORABLE RONALD B. LEIGHTON

COPY RECEIVED

TIME _____ BY _____

DEC - 6 2005

BENNETT BIGELOW
& LEEDOM

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV Pro Se,                    )
                                        )
        Plaintiff,                      )    Case No.:  CV05-5251
                                        )
    vs.                                 )
                                        )    PLAINTIFF'S FIRST REQUEST FOR
EACCELERATION CORP.,                    )    ADMISSIONS TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,            )
d/b/a WWW.STOP-SIGN.COM                 )
                                        )
        Defendant                       )

Noticing Party: Plaintiff, Vladik Bykov

Respondent: Defendant, Eacceleration Corporation

### PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

the following statements. Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

truth of these statements will be deemed admitted, unless, within 30 days after service of this

request, or within such other time as the Court may require, you have served written answers or

objections upon the undersigned as provided in that rule. These requests for admissions are

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS - 1

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below. If an objection is made, the reasons therefore shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter. An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions. If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**DEFINITION**

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable under the circumstances to provide the broadest possible scope to the request for production.

**REQUESTS FOR ADMISSIONS**

**Request 1:** Admit that Mr. Clinton L. Ballard, residing at 8038 NE Hidden Cove Rd. on Bainbrideg Island in the State of Washington is the president and CEO of Eacceleration.

**Request 2:** Admit that Mr. Clinton L. Ballard found Plaintiff's resume on www.monster.com

**Request 3:** Admit that Mr. Clinton L. Ballard personally telephoned Plaintiff on April 26th, 2004.

**Request 4:** Admit that Mr. Clinton L. Ballard, during his conversation with Plaintiff on April 26th, 2004 tried to persuade Plaintiff to come to work for Eacceleration.

**Request 5:** Admit that Mr. Clinton L. Ballard received an e-mail from Plaintiff the next day, April 27th, 2004, from Plaintiff.

**Request 6:** Admit that Mr. Clinton L. Ballard set up an interview for Plaintiff at Eacceleration for April 30th, 2004 through e-mail.

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS - 3

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

DATED this 5th day of December, 2005

By: *Vladik Bykov*
VLADIK BYKOV Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS - 4

CASE #: CV05-5251

**Exhibit 2**

COPY RECEIVED
TIME _____ BY _____

DEC - 7 2005

BENNETT BIGELOW
& LEEDOM

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV Pro Se,                )
                                    )
              Plaintiff,            )        Case No.:  CV05-5251
                                    )
       vs.                          )
                                    )     PLAINTIFF'S 2nd SET OF REQUESTS
EACCELERATION CORP.,                )     FOR ADMISSIONS TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,        )
d/b/a WWW.STOP-SIGN.COM             )
                                    )
              Defendant             )

Noticing Party: Plaintiff, Vladik Bykov

Respondent: Defendant, Eacceleration Corporation

## PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the truth of these statements will be deemed admitted, unless, within 30 days after service of this request, or within such other time as the Court may require, you have served written answers or objections upon the undersigned as provided in that rule.  These requests for admissions are

PLAINTIFF'S 2nd SET OF REQUESTS FOR ADMISSIONS - 1
TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below.  If an objection is made, the reasons therefore shall be stated.  The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter.  An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions.  If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

PLAINTIFF'S 2nd SET OF REQUESTS FOR ADMISSIONS - 2
TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

## DEFINITION

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable under the circumstances to provide the broadest possible scope to the request for production.

## REQUESTS FOR ADMISSIONS

**Request 7:** Admit that Mr. Ballard received an email from Plaintiff, Vladik Bykov, in which Plaintiff said "Thank you for your call.  I would like to take you up on the offer to visit your company.  Please let me know when it would be most convenient for you."

**Request 8:** Admit that Mr. Ballard wrote an e-mail to Plaintiff, Vladik Bykov, on April 27th, 2004 at about 4:09PM in which he stated "This Friday looks pretty open to me."

**Request 9:** Admit that the e-mail that Mr. Ballard wrote in Request 8 above came from IP address 65.212.166.2

**Request 10:** Admit that Mr. Ballard received an email on April 27th, 2004 in which Plaintiff asks Mr. Ballard "Ok. Does 11 am sound like a good time?" and Mr. Ballard's response, in a separate email, was "Yes, see you then"

**Request 11:** Admit that the e-mail that Mr. Ballard wrote in Request 10 above came from IP address 65. 212.166.2

**Request 12:** Admit that the IP address 65.212.166.2 is an IP address that in the past or present was or is an IP address originating at Eacceleration Corporation.

PLAINTIFF'S 2nd SET OF REQUESTS FOR ADMISSIONS - 3
TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

1    DATED this 6th day of December, 2005

2

3                                              By: *Vladik Bykov*

4                                              VLADIK BYKOV Pro Se
                                               7435 159th PL NE H347
5                                              REDMOND, WA  98052
                                               425-869-8379
6                                              VLADIK@USA.NET

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S 2nd SET OF REQUESTS FOR ADMISSIONS - 4       Vladik Bykov Pro Se
TO DEFENDANT                                             7435 159th PL NE H347
                                                         REDMOND, WA  98052
CASE #: CV05-5251                                        425-869-8379
                                                         VLADIK@USA.NET

**Exhibit 3**

BSD.13/
Diss
12/4

COPY RECEIVED

TIME _____

_____ BY _____

HONORABLE RONALD B. LEIGHTON
DEC - 8 2005

BENNETT BIGELOW
& LEEDOM

Responses due by 1/6/06
Docketed

1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT,
              WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10

11    VLADIK BYKOV Pro Se,              )
                                        )
12              Plaintiff,              )      Case No.:  CV05-5251
                                        )
13        vs.                           )
                                        )      PLAINTIFF'S 3rd SET OF REQUESTS FOR
14    EACCELERATION CORP.,              )      ADMISSIONS TO DEFENDANT
      d/b/a WWW.EACCELERATION.COM,      )
15    d/b/a WWW.STOP-SIGN.COM           )
                                        )
16                                      )
                Defendant
17    _____

18

19    Noticing Party: Plaintiff, Vladik Bykov

20    Respondent: Defendant, Eacceleration Corporation

21              **PLAINTIFF'S REQUEST FOR ADMISSIONS**

22        Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

23    requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

24    the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

25    truth of these statements will be deemed admitted, unless, within 30 days after service of this

26    request, or within such other time as the Court may require, you have served written answers or

27    objections upon the undersigned as provided in that rule.  These requests for admissions are

28

PLAINTIFF'S 3rd SET OF REQUESTS FOR - 1        Vladik Bykov Pro Se
ADMISSIONS TO DEFENDANT                         7435 159th PL NE H347
                                                REDMOND, WA  98052
CASE #: CV05-5251                               425-869-8379
                                                VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below. If an objection is made, the reasons therefore shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter. An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions. If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

PLAINTIFF'S 3rd SET OF REQUESTS FOR - 2
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**DEFINITION**

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration
   Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable
   under the circumstances to provide the broadest possible scope to the request for
   production.

3. The term "Plaintiff" means the plaintiff in this litigation, Vladik Bykov.

**REQUESTS FOR ADMISSIONS**

**Request 13:** Admit that Plaintiff, Vladik Bykov, on April 30th, 2004, came to
Eacceleration Corporation's headquarters in Poulsbo, WA, for an interview for a job at
Eacceleration.

**Request 14:** Admit that on April 30th, 2004 Mr. Clinton L. Ballard personally
interviewed Plaintiff, Vladik Bykov, for a job at Eacceleration Corporation.

**Request 15:** Admit that during Plaintiff's interview with Mr. Clinton L. Ballard, Mr.
Clinton L. Ballard had access to a copy of Plaintiff's resume.

**Request 16:** Admit that Mr. Ballard looked at Plaintiff's resume while Mr. Ballard
interviewed Vladik Bykov for a job at Eacceleration Corporation

**Request 17:** Admit that Mr. Ballard considered Plaintiff's qualifications during Plaintiff's
interview for a job at Eacceleration Corporation.

**Request 18:** Admit that Mr. Ballard asked the Plaintiff, Vladik Bykov, questions
regarding Plaintiff's experience and education during Plaintiff's interview.

PLAINTIFF'S 3rd SET OF REQUESTS FOR - 3
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Request 19:** Admit that the Plaintiff, during his interview for a job at Eacceleration Corporation, told Mr. Ballard, the president and CEO of Eacceleration, that he did not graduate from California Institute of Technology.

**Request 20:** Admit that Mr. Ballard, after considering Plaintiff's qualifications, offered Plaintiff, Vladik Bykov, a job at Eacceleration Corporation.

DATED this 7th day of December, 2005

By: *Vladik Bykov*
VLADIK BYKOV pro se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 3rd SET OF REQUESTS FOR - 4
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Exhibit 4**

1300.13/3

12/8

COPY RECEIVED

DEC - 9 2005

BENNETT BIGELOW
& LEEDOM

HONORABLE RONALD B. LEIGHTON

due
1/9/06

1

2

3

4

5

6

7

8     UNITED STATES DISTRICT COURT,
     WESTERN DISTRICT OF WASHINGTON
9            AT TACOMA

10

11   VLADIK BYKOV Pro Se,                    )
12              Plaintiff,                   )     Case No.:  CV05-5251
                                             )
13        vs.                                )
                                             )     PLAINTIFF'S 4th SET OF REQUESTS FOR
14   EACCELERATION CORP.,                    )     ADMISSIONS TO DEFENDANT
     d/b/a WWW.EACCELERATION.COM,            )
15   d/b/a WWW.STOP-SIGN.COM                 )
                                             )
16
17              Defendant

18

19   Noticing Party: Plaintiff, Vladik Bykov

20   Respondent: Defendant, Eacceleration Corporation

21          **PLAINTIFF'S REQUESTS FOR ADMISSIONS**

22        Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

23   requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

24   the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

25   truth of these statements will be deemed admitted, unless, within 30 days after service of this

26   request, or within such other time as the Court may require, you have served written answers or

27   objections upon the undersigned as provided in that rule.  These requests for admissions are

28

PLAINTIFF'S 4th SET OF REQUESTS FOR - 1        Vladik Bykov Pro Se
ADMISSIONS TO DEFENDANT                        7435 159th PL NE H347
                                               REDMOND, WA  98052
CASE #: CV05-5251                              425-869-8379
                                               VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below.  If an objection is made, the reasons therefore shall be stated.  The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter.  An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions.  If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

PLAINTIFF'S 4th SET OF REQUESTS FOR - 2
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

## DEFINITION

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable under the circumstances to provide the broadest possible scope to the request for production.

3. The term "Plaintiff" means the plaintiff in this case, Vladik Bykov.

## REQUESTS FOR ADMISSIONS

**Request 21:** Admit that Plaintiff, Vladik Bykov, accepted Mr. Clinton L. Ballard's job offer at Eacceleration Corporation at the end of his interview on April 30th, 2004.

**Request 22:** Admit that Plaintiff, Vladik Bykov, began working at Eacceleration on Monday May 17th, 2004.

**Request 23:** Admit that Mr. Ballard, at the time he made a job offer to Plaintiff, Vladik Bykov, did not indicate to Plaintiff that he would need to participate in a training class at Eacceleration.

**Request 24:** Admit that Mr. Ballard told the Plaintiff, Vladik Bykov, about the training class some time after the initial interview.

**Request 25:** Admit that Plaintiff, VladIk Bykov, began participating in a training class at Eacceleration on Monday 17th, 2004.

**Request 26:** Admit that Jennifer Engstrom managed the training class in which Plaintiff began participating on May 17th, 2004 at Eacceleration Corporation.

PLAINTIFF'S 4th SET OF REQUESTS FOR - 3
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

DATED this 8th day of December, 2005

By: _Vladik Bykov_
VLADIK BYKOV Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 4th SET OF REQUESTS FOR - 4
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

**Exhibit 5**

1330.13/DIS

1219

HONORABLE RONALD B. LEIGHTON

COPY RECEIVED

TIME _____ BY _____

DEC 1 2 2005

BENNETT BIGELOW
& LEEDOM

due
1/11/06

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV Pro Se,                          )
                                              )
                Plaintiff,                    )   Case No.:  CV05-5251
                                              )
        vs.                                   )
                                              )   PLAINTIFF'S 5th SET OF REQUESTS FOR
EACCELERATION CORP.,                          )   ADMISSIONS TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,                  )
d/b/a WWW.STOP-SIGN.COM                       )
                                              )
                Defendant                     )

Noticing Party: Plaintiff, Vladik Bykov

Respondent: Defendant, Eacceleration Corporation

### PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

truth of these statements will be deemed admitted, unless, within 30 days after service of this

request, or within such other time as the Court may require, you have served written answers or

objections upon the undersigned as provided in that rule.  These requests for admissions are

PLAINTIFF'S 5th SET OF REQUESTS FOR - 1
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below. If an objection is made, the reasons therefore shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter. An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions. If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

PLAINTIFF'S 5th SET OF REQUESTS FOR - 2
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

## DEFINITION

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable under the circumstances to provide the broadest possible scope to the request for production.

3. The term "Plaintiff" means the plaintiff in this case, Vladik Bykov.

## REQUESTS FOR ADMISSIONS

**Request 27:** Admit that Jennifer Engstrom wrote an email to Plaintiff, Vladik Bykov, on May 10th, 2004 telling Plaintiff that "Training will last approximately 5 weeks"

**Request 28:** Admit that the training class that Plaintiff, Vladik Bykov, began on May 17th, 2004 was scheduled to last 5 weeks.

**Request 29:** Admit that the Plaintiff, Vladik Bykov, did not participate in training for 5 weeks.

**Request 30:** Admit that Mr. Ballard did not know the time duration of the training class in which Plaintiff began participating in.

**Request 31:** Admit that Mr. Ballard wanted the Plaintiff, Vladik Bykov, to ascertain the period of time that people were being trained in training class.

**Request 32:** Admit that Mr. Ballard did not know what kind of training was being done in the training class that Plaintiff began participating in.

PLAINTIFF'S 5th SET OF REQUESTS FOR - 3
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Request 33:** Admit that Mr. Ballard wanted the Plaintiff, Vladik Bykov, to find out what kind of training was being carried out in training class.

**Request 34:** Admit that Mr. Ballard wanted the Plaintiff, Vladik Bykov, to find out how long it took new hires to feel comfortable in their new positions after training.

**Request 35:** Admit that Mr. Ballard believed that the training class, in which Plaintiff began participating, would only last 5 days and not 5 weeks.

**Request 36:** Admit that on May 25th, 20004 Mr. Clinton L. Ballard found out that Plaintiff, Vladik Bykov, was having difficulties in training.

DATED this 9th day of December, 2005

By: *Vladik Bykov*
VLADIK BYKOV Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 5th SET OF REQUESTS FOR - 4
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

**Exhibit 6**

1330.13(DIS.
12/20

HONORABLE RONALD B. LEIGHTON

due
1/11/06

COPY RECEIVED
TIME _____ BY _____

DEC 1 2 2005

BENNETT BIGELOW
& LEEDOM

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV Pro Se,          )
                             )
          Plaintiff,          )   Case No.: CV05-5251
                             )
     vs.                     )
                             )   PLAINTIFF'S 6th SET OF REQUESTS FOR
EACCELERATION CORP.,          )   ADMISSIONS TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,  )
d/b/a WWW.STOP-SIGN.COM       )
                             )
          Defendant          )
_____

Noticing Party: Plaintiff, Vladik Bykov

Respondent: Defendant, Eacceleration Corporation

## PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

truth of these statements will be deemed admitted, unless, within 30 days after service of this

request, or within such other time as the Court may require, you have served written answers or

objections upon the undersigned as provided in that rule.  These requests for admissions are

PLAINTIFF'S 6th SET OF REQUESTS FOR - 1
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

continuing in nature. If Defendant obtains additional information that would change an answer, a supplemental response should promptly be made.

## INSTRUCTIONS

1. Defendant's Counsel is instructed to provide a sworn written answer or objection to each Request for Admission ("RFA") below. If an objection is made, the reasons therefore shall be stated. The answer shall specifically admit or deny the matter or set forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the matter. An answer shall fairly meet the substance of the requested admission, and when good faith requires that Defendant Counsel qualify its answer or deny only a part of the matter on which an admission is requested, Defendant Counsel shall admit so much of the RFA as is true and qualify or deny the remainder.

2. Defendant Counsel may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant Counsel states that it has made reasonable inquiry and that the information known to or readily obtainable by Defendant Counsel is insufficient to enable it to admit or deny.

3. If Defendant Counsel considers that a matter of which an admission has been requested presents a genuine issue for trial, Defendant Counsel may not, on that ground alone, object to the request. Defendant Counsel may deny the matter or set forth reasons why Defendant Counsel cannot admit or deny it.

4. Any matter not responded to within 30 days of service of this request will be deemed admitted.

5. Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

6. Whenever an RFA is stated in the singular, it shall also be taken in the plural, and vice versa.

7. This is a continuing request for admissions. If after making your initial production you obtain or become aware of any further information responsive to this request, you are required to provide supplemental responses.

PLAINTIFF'S 6th SET OF REQUESTS FOR - 2
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

## DEFINITION

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable under the circumstances to provide the broadest possible scope to the request for production.

3. The term "Plaintiff" means the plaintiff in this case, Vladik Bykov.

## REQUESTS FOR ADMISSIONS

**Request 37:** Admit that Mr. Ballard, when he originally told Plaintiff that Plaintiff would be participating in training, believed that training would last a couple of weeks.

**Request 38:** Admit that Mr. Ballard wrote Plaintiff an email on May 25th, 2004 in which he said "I am hearing that you are not following the training directions..."

**Request 39:** Admit that the email Mr. Ballard wrote in RFA #38 came from the IP address 65.102.176.31.

**Request 40:** Admit that the IP address 65.102.176.31 is an IP address that once was or currently is an IP address originating at Eacceleration Corporation.

**Request 41:** Admit that Mr. Ballard, on May 25th, 2004 believed that Plaintiff was not making Jennifer Engstrom happy.

**Request 42:** Admit that Jennifer Engstrom, on May 25th, 2004 or prior to May 25th, 2004 was not happy with Plaintiff, Vladik Bykov.

PLAINTIFF'S 6th SET OF REQUESTS FOR - 3
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Request 43:**   Admit that Jennifer Engstrom on May 25th, 2004 or prior to May 25th, 2004 was not happy with Plaintiff, Vladik Bykov, because Vladik Bykov was having difficulties completing assignments in training.

**Request 44:**   Admit that Jennifer Engstrom, on or about May 20th, 2004 made a request to Plaintiff, Vladik Bykov, that he stay after work so that Jennifer Engstrom could talk to him.

**Request 45:**   Admit that Plaintiff, Vladik Bykov, stayed at work after 5pm on Thursday May 20th, 2004 to speak with Jennifer Engstrom.

**Request 46:**   Admit that "shadowing" is a form of training at Eacceleration Corporation.

**Request 47:**   Admit that "shadowing" involves actively learning how to answer Technical Support questions.

**Request 48:**   Admit that Plaintiff, Vladik Bykov, participated in "shadowing"

DATED this 10th day of December, 2005

By: *Vladik Bykov*
VLADIK BYKOV pro se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 6th SET OF REQUESTS FOR - 4
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

**Exhibit 7**

330.13/DIS.

12/12

TIME _____ COPY RECEIVED
_____ BY _____
DEC 1 3 2005
BENNETT BIGELOW
& LEEDOM

due by
1/12/06

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV Pro Se,               )
                                   )
            Plaintiff,             )    Case No.:  CV05-5251
                                   )
      vs.                          )
                                   )    PLAINTIFF'S 7th SET OF REQUESTS FOR
EACCELERATION CORP.,               )    ADMISSIONS TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,       )
d/b/a WWW.STOP-SIGN.COM            )
                                   )
            Defendant              )

Noticing Party: Plaintiff, Vladik Bykov

Respondent: Defendant, Eacceleration Corporation

## PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Federal Rules of Civil Procedure 36(a), Plaintiff, Vladik Bykov, hereby

requests Defendant, Eacceleration Corporation, to admit, for purposes of this action, the truth of

the following statements.  Please note that, pursuant to Federal Rule of Civil Procedure 36(a), the

truth of these statements will be deemed admitted, unless, within 30 days after service of this

request, or within such other time as the Court may require, you have served written answers or

objections upon the undersigned as provided in that rule.  These requests for admissions are

PLAINTIFF'S 7th SET OF REQUESTS FOR - 1
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

1   continuing in nature. If Defendant obtains additional information that would change an answer, a
2   supplemental response should promptly be made.

## INSTRUCTIONS

4      1.  Defendant's Counsel is instructed to provide a sworn written answer or objection to
5          each Request for Admission ("RFA") below.  If an objection is made, the reasons
6          therefore shall be stated.  The answer shall specifically admit or deny the matter or set
7          forth in detail the reasons why Defendant Counsel cannot truthfully admit or deny the
8          matter.  An answer shall fairly meet the substance of the requested admission, and
9          when good faith requires that Defendant Counsel qualify its answer or deny only a
10         part of the matter on which an admission is requested, Defendant Counsel shall admit
11         so much of the RFA as is true and qualify or deny the remainder.

12     2.  Defendant Counsel may not give lack of information or knowledge as a reason for
13         failure to admit or deny unless Defendant Counsel states that it has made reasonable
14         inquiry and that the information known to or readily obtainable by Defendant Counsel
15         is insufficient to enable it to admit or deny.

16     3.  If Defendant Counsel considers that a matter of which an admission has been
17         requested presents a genuine issue for trial, Defendant Counsel may not, on that
18         ground alone, object to the request. Defendant Counsel may deny the matter or set
19         forth reasons why Defendant Counsel cannot admit or deny it.

20     4.  Any matter not responded to within 30 days of service of this request will be deemed
21         admitted.

22     5.  Whenever an RFA is stated in the conjunctive, it shall also be taken in the disjunctive,
23         and vice versa.

24     6.  Whenever an RFA is stated in the singular, it shall also be taken in the plural, and
25         vice versa.

26     7.  This is a continuing request for admissions.  If after making your initial production
27         you obtain or become aware of any further information responsive to this request, you
28         are required to provide supplemental responses.

PLAINTIFF'S 7th SET OF REQUESTS FOR - 2
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

## DEFINITION

1. The term "Defendant Counsel", "Eacceleration" or "you" means Eacceleration
   Corporation, its employees, attorneys, board of directors and other agents.

2. The term "and/or" shall be construed conjunctively or disjunctively as applicable
   under the circumstances to provide the broadest possible scope to the request for
   production.

3. The term "Plaintiff" means the plaintiff in this case, Vladik Bykov.

## REQUESTS FOR ADMISSIONS

**Request 49:** Admit that Plaintiff, Vladik Bykov, attempted to complete training
assignments to the best of his abilities during training while employed at Eacceleration
Corporation.

**Request 50:** Admit that everyone who is currently employed at Eacceleration
Corporation has taken a training class for their current position.

**Request 51:** Admit that Mr. Ballard at one point in time told Plaintiff that Plaintiff was
having difficulties in training and that Plaintiff should do better.

**Request 52:** Admit that Plaintiff, Vladik Bykov, told Eacceleration that he was very
happy to participate in training.

**Request 53:** Admit that Plaintiff, after being told by Mr. Ballard that he could no longer
participate in training, still wanted to continue participating in training.

PLAINTIFF'S 7th SET OF REQUESTS FOR - 3
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Request 54:** Admit that Mr. Clinton Ballard refused to let Plaintiff continue with training.

**Request 55:** Admit that the training class in which Plaintiff began participating was a form of an examination.

**Request 56:** Admit that everyone who participated in the training class together with Plaintiff, Vladik Bykov, did not take an examination on May 28th, 2004.

**Request 57:** Admit that everyone who participated in the training class with Plaintiff, Vladik Bykov, was hired to work at Eacceleration Corporation because everyone passed an examination.

**Request 58:** Eacceleration Corporation is not an institution of higher learning.

**Request 59:** Admit that Mr. Clinton L. Ballard only hires those people to work at Eacceleration Corporation who are smart.

**Request 60:** Mr. Clinton L. Ballard received an exceptional score on his SAT examination.

DATED this 12th day of December, 2005

By: *Vladik Bykov*
VLADIK BYKOV pro se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 7th SET OF REQUESTS FOR - 4
ADMISSIONS TO DEFENDANT

CASE #: CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET