1

The Honorable Ronald B. Leighton

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9
VLADIK BYKOV, Pro Se,

10
       Plaintiff,

**No. CV05-5251(RBL)**

11

vs.

**DECLARATION OF MARIE R.
WESTERMEIER IN SUPPORT OF
DEFENDANT'S SECOND MOTION
FOR PROTECTIVE ORDER**

12

13
EACCELERATION CORPORATION, d/b/a
WWW.EACCELERATION.COM; d/b/a
WWW.STOP-SIGN.COM,

14

15
       Defendant.

16
     I, Marie Westermeier, being over the age of eighteen (18) years and competent to testify

17
to the matters herein, declare and state as follows:

18
     1.    I am one of the attorneys representing Defendant, EACCELERATION

CORPORATION in this matter.

19

20
     2.    Through initial disclosures and in response to discovery requests, defendant has

produced to plaintiff his personnel file and all emails that were sent to, from or about him.

21
Defendant also produced eAcceleration documents such as the employee handbook, tests and

22
sample training materials that applied to him, as well as corporate documents such as Articles of

23
Incorporation and SEC filings.  In addition to providing documents, defendant has provided a

24

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER - 1

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

narrative answer to plaintiff's first set of interrogatories that describes plaintiff's hiring, training, testing, his course of employment, and his performance leading up to his termination.

3.     In Plaintiff's First Notice of Request for Production of Documents to Defendant, (No. 3), plaintiff requested all documents related to the employment test administered by eAcceleration. A true and correct copy of those requests are attached as Exhibit 1. In response, Defendant produced copies of the employment tests.

4.     In Plaintiff's 1st Notice of Oral Deposition and 2d Notice for Production of Documents to Defendant, plaintiff requested a copy of the "general intelligence exam" that defendant administered to plaintiff. A true and correct copy of this request is attached as Exhibit 2.

5.     On January 27, 2006, plaintiff propounded another set of requests for production seeking documents related to the standardized written test that defendant administers to all applicants for technical support positions, and which plaintiff took. A true and correct copy of Plaintiff's 3rd Notice of Request for Production of Documents to Defendant is attached as Exhibit 3.

6.     By letter, defendant objected to plaintiff's discovery requests related to the employment test. A true and correct copy of the letter is attached as Exhibit 4. Plaintiff responded to the objection with a letter stating that the requests were related to his 7th Cause of Action. A true and correct copy of plaintiff's letter is attached hereto as Exhibit 5.

7.     On February 3, plaintiff propounded yet another set of discovery requests requesting information about the written employment test. A true and correct copy of Plaintiff's 2d Interrogatory Request is attached as Exhibit 6. In it, plaintiff asks defendant to describe how each test question relates to "what plaintiff was doing at eAcceleration," (No. 2). It also asks defendant to identify the business necessity of the examination (No. 4). Interrogatory No. 4 seeks extensive personnel information on all employees and interns who have ever worked at eAcceleration, and all applicants to eAcceleration.

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER - 2

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

8.    On January 9, 2006, this court entered a protective order that prohibited plaintiff from having direct contact with managers officers and directors of eAcceleration, as well as any other employees who asked not to be contacted by him.  The order provided that all depositions in the case were to take place at the office of Bennett Bigelow & Leedom.  The order also struck plaintiff's first 10 sets of Requests for Admission.  A true and correct copy of the order is attached as Exhibit 7.

9.    After the protective order was entered, plaintiff telephoned me and requested to conduct a deposition in Redmond, Washington.  I asked the plaintiff why he wanted to hold the deposition in Redmond, and he told me that it would be more convenient for him.  I told the plaintiff that Redmond was not convenient for the eAcceleration employees, and that I would not agree to conduct any depositions of eAcceleration employees in Redmond.

10.    On March 1, 2006, after my telephone conversation with the plaintiff regarding the location for depositions, plaintiff issued a notice of deposition for Nathan Inabinett.  The notice stated that the deposition was to take place at the public library in Redmond.  A true and correct copy of the deposition notice is attached as Exhibit 8.

11.    Upon receiving the deposition notice, I wrote a letter to the plaintiff in which I informed him that Mr. Inabinett could be available for deposition on March 13 in my office.  I also provided available dates for other witnesses whose depositions the plaintiff requested.  A true and correct copy of my letter to the plaintiff is attached as Exhibit 9.  The plaintiff did not respond to my letter in any way.

12.    On March 8, I wrote a second letter to the plaintiff asking him to confirm that the depositions would go forward in my office as per my letter of March 3.  I asked him to confirm the depositions by close of business on Thursday, March 9.  A true and correct copy of my March 3 letter to plaintiff is attached hereto as Exhibit 10.  Plaintiff did not contact me in any way to either confirm or strike the deposition.  On Friday, March 10, I informed my client that

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER - 3

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

1   the plaintiff had not confirmed the deposition and that the deposition would not go forward on

2   March 13.

3         13.    On March 13, plaintiff neither appeared in my office nor otherwise contacted me.

4   On March 15, I received a letter from the plaintiff informing me that he waited at the Redmond

5   library for Mr. Inabinett to appear for his deposition.  The plaintiff asked me to reimburse him

6   for his time spent at the library and for the expenses associated with having a notary public

7   appear.  A true and correct copy of the letter is attached as Exhibit 11.

8         14.    After the protective order was entered, plaintiff sent a letter to the president of

9   eAcceleration, Clint Ballard, instructing him about preserving documents for purposes of

10  discovery.  A true and correct copy of the letter is attached hereto as Exhibit 12.  Plaintiff also

11  sent Mr. Ballard a copy of the deposition notice of Nathan Inabinett.  A true and correct copy of

12  the deposition notice and postmarked envelope from plaintiff to eAcceleration is attached as

13  Exhibit 13.

14        15.    Since the inception of this case, plaintiff has propounded 3 sets of interrogatories,

15  7 sets of requests for production, two notices of intent to inspect property, and 11 sets of requests

16  for admission.  After the protective order was entered in January, plaintiff propounded five sets

17  of requests for production, one set of requests for admission, 2 sets of interrogatories, and 1

18  notice of inspection of property.  In his requests for production, plaintiff requests that defendant

19  produce documents "as they are located in their usual place of keeping at eAcceleration

20  Corporation."  Defendant has produced hard copies of the documents in response to the requests

21  for production, but defendant has not allowed plaintiff to enter the premises of eAcceleration to

22  inspect documents or hard drives of its computers.  Plaintiff continues to demand to inspect

23  original hard drives and documents as set forth in his letters dated January 5 and March 14, 2006.

24  True and correct copies of each letter are attached hereto as Exhibit 14.

          16.    Plaintiff continues to demand access to eAcceleration headquarters to videotape

    the premises without explaining how such inspection is designed to lead to the discovery of

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER - 4

admissible evidence.  eAcceleration has emphatically communicated to me that it does not want to have the plaintiff on its property for any reason.  A true and correct copy of plaintiff's letter demanding access to videotape the headquarters is attached hereto as Exhibit 15.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Seattle, Washington, this 20th day of March, 2006.



MARIE R. WESTERMEIER

w:\wdclient\1330\00013\mm609009.doc

DECLARATION OF MARIE R. WESTERMEIER IN
SUPPORT OF DEFENDANT'S SECOND MOTION FOR
PROTECTIVE ORDER - 5

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,                )
                                     )
            Plaintiff,               )   CASE NO.  C05-5251 RBL
                                     )
      vs.                            )
                                     )   DEFENDANT'S RESPONSE TO
EACCELERATION CORP.,                 )   PLAINTIFF'S 1st NOTICE OF REQUEST
d/b/a WWW.EACCELERATION.COM,         )   FOR PRODUCTION OF DOCUMENTS TO
d/b/a WWW.STOP-SIGN.COM,             )   DEFENDANT
                                     )
            Defendant.               )
                                     )

        In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff, Vladik

Bykov, hereby requests that the Defendant, eAcceleration Corporation, produce the documents

as they are located in their usual place of keeping at eAcceleration Corporation, set forth in the

numbered paragraphs that follow, at the offices of eAcceleration Corporation located at 1050

NE Hostmark St. Ste. 100B, Poulsbo, WA 98370 on the date of January 2nd, 2006 at 9 AM, and

continuing for as many hours or days as needed, until copies of all requested documents are

made.  Please make arrangements for someone to be present and available who will provide

plaintiff with any necessary specialized access to any documents requested in this Plaintiff's 2nd

Notice of Request for Production of Documents.

        As used herein, the term "document" shall include all writings, notes, drafts, outlines,

recordings, and files, regardless of storage media; they include, but are not limited to, writings

contained on paper, recordable tape, celluloid, disks, hard drives, electronic mail servers, or any


EXHIBIT 1

other digitally stored media. The term "document" shall also include the full range of writings described in Rule 1001 of the Federal Rules of Evidence.

## GENERAL OBJECTIONS

Defendant incorporates its general objections as made below in response to each of Plaintiff's discovery requests where required.

1.     Defendant objects to these discovery requests to the extent they seek to impose obligations on Defendant beyond those of Civil Rules 26, 33 and 34.

2.     Defendant objects to providing any information in response to Plaintiff's discovery requests that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection or restriction.

3.     Defendant objects to these discovery requests to the extent they request information regarding consulting experts which is outside the scope of Civil Rule 26.

4.     Defendant objects to Plaintiff's discovery requests to the extent they are overly broad in time or scope, vague, ambiguous, oppressive, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, or would require unreasonable investigation.

5.     Defendant objects to Plaintiff's discovery requests to the extent the information sought is a matter of public record and/or equally accessible and available to Plaintiff from examination of public records and/or Plaintiff's own files.

6.     Defendant objects to all discovery requests to the extent they seek information beyond Defendant's possession, custody or control.

7.     Defendant objects to making available for inspection and/or providing copies of any documents which are confidential in nature and/or any confidential documents which relate to persons not covered by any Court-issued Protective Order.

Subject to these objections and without waiver of these objections, Defendant answers and/or responds as follows:

DEFENDANT'S RESPONSE TO PLAINTIFF'S
1ST NOTICE FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
Page 2

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

1.     All documents in your possession, custody, control, or under your control, written or created after the date of April 26th, 2004 that pertain directly or indirectly to the employment of the plaintiff, Vladik Bykov, at eAcceleration Corporation, which is the subject of this litigation.

**Response:**

Defendant objects to this request as vague and overbroad and not calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the request seeks documents that are protected by the attorney-client privilege.   Without waiving objection, see documents previously produced as part of Defendant's initial disclosures, EAC 000001-000069, as well as the documents attached hereto.  Other non-privileged documents that are responsive to this request will be produced as discovery proceeds.

2.     All employee personnel records and documents containing all employee information including, but not limited to name, address, telephone number, salary, number of hours worked, current position, positions held, promotions, demotions, qualifications, examination results and any and all internal complaints filed against eAcceleration Corporation, as they are kept in the usual and normal course of business, for all current employees and interns and all previous employees and interns beginning from the initial date of incorporation of eAcceleration Corporation.

**Response:**

Defendant objects to this request as vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the request seeks documents that are protected by the attorney-client privilege.  Personnel files of employees at eAcceleration contain private personal and confidential information that will not be released in the absence of a showing of need as determined by the court, and only pursuant to an appropriate protective order.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
1ST NOTICE FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
Page 3

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

3.     All documents in your possession, custody, control, or under your control, written or created after the date of incorporation of eAcceleration Corporation that pertain directly or indirectly to hiring requirements, employment tests or examinations, qualification standards, selection criteria, standards and policies, interview procedures or methods of administration that, including, but not limited to, have been used or will, influence, direct, guide, establish or determine the employment paths, positions or opportunities of employees or interns at eAcceleration Corporation.  Include all examinations or tests ever administered to any and all employees and interns at eAcceleration Corporation.

**Response:**

Defendant objects to this request as vague, overbroad and ambiguous and not calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the request seeks documents that are protected by the attorney-client privilege.  Without waiving objection, see documents previously produced as part of Defendant's initial disclosures, as well as documents attached as EAC 000582-000937.  See also documents EAC 000961- 000977.  Additional, non-privileged documents responsive to this request and specific to the plaintiff will be produced.

4.     All documents in your possession, custody, control, or under your control, written or created after the date of incorporation of eAcceleration Corporation that pertain directly or indirectly to employee training, including, but not limited to employee training requirements, training schedules, training content and material.   Include all training assignments, tests or examinations administered to any and all employees and interns during any and all training courses, periods or classes at eAcceleration from the initial date of incorporation of eAcceleration Corporation.

**Response:**

Defendant objects to this request as vague, overbroad and ambiguous and not calculated to lead to the discovery of admissible evidence.  Defendant also objects to the extent that the request seeks documents that are protected by the attorney-client privilege.  Without waiving

DEFENDANT'S RESPONSE TO PLAINTIFF'S
1ST NOTICE FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
Page 4

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

objection, see documents that were used to train new employees at or around the time that the plaintiff was hired at eAcceleration, EAC 000800-000937.

5.      Copies of all EEO-1 reports and all documents in your possession, custody, control, or under your control, written or created after the date of incorporation of eAcceleration Corporation that pertain directly or indirectly to the EEO-1 reports and preparation.

**Response:**

Defendant objects to this request as not calculated to lead to the discovery of admissible evidence. The information contained in Defendant's EEO-1 report does not have any bearing on any of plaintiff's claims in this lawsuit.

6.      Full and complete access to eAcceleration Corporation's internal website documents that are used or referenced by Technical Support Technicians. Provide access to the actual web pages and data that are used or referenced by Technical Support Technicians so that a full and complete copy can be made of all web pages and data that are used or referenced by Technical Support Technicians.

**Response:**

Defendant objects to this request as vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Information from Defendant's internal website for Technical Support Technicians is highly confidential, and it contains proprietary information that will not be disclosed. Without waiving objections, plaintiff has been provided certain documents from the website that contain standard answers to technical support questions.

7.      All documents in your possession, custody, or control or under your control, written or created after the date of incorporation of eAcceleration Corporation that pertain directly or indirectly to company policy and procedure regarding the employment and treatment of employees at eAcceleration Corporation, including, but not limited to specific

DEFENDANT'S RESPONSE TO PLAINTIFF'S
1ST NOTICE FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
Page 5

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

1  employee information that will be recorded, maintained, and destroyed; procedures for

2  employee transfer, promotion, demotion, rehabilitation, and termination; and any other

3  documentary information that shows how employees are to be treated, communicated with and

4  managed.

5  **Response**:

6       Defendant objects to this request as vague and ambiguous and not calculated to lead to

7  the discovery of admissible evidence.   Without waiving objection, see documents previously

8  provided as part of Defendant's initial disclosures, EAC 000001-000069.

9

10       DATED this 3rd day of January, 2006.

11

12            BENNETT BIGELOW & LEEDOM, P.S.

13

14

15            Marie R. Westermeier, WSBA# 18623

16            Attorney for Defendant, eAcceleration Corporation

17

18

19  w:\wdclient\1330\00013\mm600052.doc

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S
1ST NOTICE FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT
Page 6

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, Pro Se,

                 Plaintiff,

    vs.

EACCELERATION CORPORATION, d/b/a
WWW.EACCELERATION.COM; d/b/a
WWW.STOP-SIGN.COM,

                 Defendant.

NO.  CV05-5251(RBL)

**CERTIFICATE OF MAILING**

I, Jeni Bonanno certify under penalty under the laws of the State of Washington:

    1.    I am a resident of the United States, and I am now and was at all times material hereto over the age of 18 years.  I am not a party to the above-entitled action and am competent to be a witness herein.

    2.    On January 3, 2006, I caused to be served by U.S. Mail a true and correct copy of **DEFENDANT'S RESPONSE TO PLAINTIFF'S 1ST NOTICE OF PRODUCTION OF DOCUMENTS TO DEFENDANT** and this **CERTIFICATE OF MAILING** to:

            VLADIK BYKOV, Plaintiff Pro Se

CERTIFICATE OF MAILING
Page 1

1

7435 159 Place NE, #H347
Redmond, WA 98052

2

SIGNED this 3rd day of January, 2006 in Seattle, Washington.

3

4

5

JENI BONANNO

6

7

8

w:\wdclient\1330\00013\mm529397.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF MAILING
Page 2

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,    )
                         )
        Plaintiff,       )    CASE NO.  C05-5251 RBL
                         )
    vs.                  )
                         )    PLAINTIFF'S 1st NOTICE OF ORAL
EACCELERATION CORP.,     )    DEPOSITION AND 2nd NOTICE FOR
d/b/a WWW.EACCELERATION.COM,  )  PRODUCTIONS OF DOCUMENTS TO
d/b/a WWW.STOP-SIGN.COM   )    DEFENDANT **and DEFENDANT'S**
                         )    **RESPONSES THERETO**
        Defendant        )

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
                  1050 NE Hostmark St.100B
                  Poulsbo, WA  98370

## COMBINED DISCOVERY REQUEST

### Notice of Deposition

### And

### 2nd Notice for Production of Documents

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil

Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Jennifer K.

PLAINTIFF'S 2nd NOTICE OF REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT and DEFENDANT'S
RESPONSES THERETO – Page 1

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986


EXHIBIT 2

Engstrom, a managing agent of the Responding Party, Eacceleration Corporation, and who currently abides at 6519 Lake Dr. in the City of Bremerton and State of Washington. The deposition will take place at the apartment of Plaintiff, Vladik Bykov, located at 7435 159th PL NE, Apartment H347, in the City of Redmond and State of Washington, on Friday on the date of January 6th, 2006, at 10 o'clock AM before a Notary Public, authorized to administer oath. The deposition will start at 10 AM and will continue for up to seven hours, not including a 2 hour break for lunch and other break periods as necessary. You are invited to attend and cross-examine.

## GENERAL OBJECTIONS

Defendant incorporates its general objections as made below in response to each of Plaintiff's discovery requests where required.

1.      Defendant objects to these discovery requests to the extent they seek to impose obligations on Defendant beyond those of Civil Rules 26, 33 and 34.

2.      Defendant objects to providing any information in response to Plaintiff's discovery requests that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection or restriction.

3.      Defendant objects to these discovery requests to the extent they request information regarding consulting experts which is outside the scope of Civil Rule 26.

4.      Defendant objects to Plaintiff's discovery requests to the extent they are overly broad in time or scope, vague, ambiguous, oppressive, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, or would require unreasonable investigation.

5.      Defendant objects to Plaintiff's discovery requests to the extent the information sought is a matter of public record and/or equally accessible and available to Plaintiff from examination of public records and/or Plaintiff's own files.

PLAINTIFF'S 2nd NOTICE OF REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT and DEFENDANT'S
RESPONSES THERETO – Page 2

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

6.      Defendant objects to all discovery requests to the extent they seek information beyond Defendant's possession, custody or control.

7.      Defendant objects to making available for inspection and/or providing copies of any documents which are confidential in nature and/or any confidential documents which relate to persons not covered by any Court-issued Protective Order.

Subject to these objections and without waiver of these objections, Defendant answers and/or responds as follows:

1.      A copy of the general intelligence exam that Jennifer K. Engstrom did, on or about May 27th, 2004, request that the Plaintiff, Vladik Bykov, take while Plaintiff was under Jennifer K. Engstrom's managerial control during Plaintiff's training period at Eacceleration Corporation.

**Response:**

Defendant objects to this request as vague and ambiguous with respect to the term "general intelligence exam."  Defendant does not administer a general intelligence exam. Defendant further objects to this request as cumulative of RFP No. 3 in Plaintiff's 1st Notice of Request for Production of Documents to Defendant.  Without waiving objection, see documents previously produced in response thereto.

2.      Full and complete copies of all assignments in the form of documents that Jennifer K. Engstrom did assign to Plaintiff, Vladik Bykov, while under Jennifer K. Engstrom's managerial control during Plaintiff's training period at Eacceleration Corporation.

**Response:**

Defendant objects to this request as vague and ambiguous and to the extent that it assumes that all assignments by Jennifer Engstrom were contained in written documents. Defendant further objects that this request is cumulative of RFP No. 4 in Plaintiff's 1st Notice of Request for Production of Documents to Defendant.  Without waiving objection, see documents previously produced at EAC000582-000937.

PLAINTIFF'S 2nd NOTICE OF REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT and DEFENDANT'S
RESPONSES THERETO – Page 3

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

3.  Full and complete copies of all training outlines and training materials that were provided to Plaintiff, Vladik Bykov, while he was under Jennifer K. Engstrom's managerial control during Plaintiff's training period at Eacceleration Corporation.

**Response:**

Defendant objects to this request as vague and ambiguous.  Without waiving objection, see documents previously produced at EAC 000582-000937.

4.  Full and complete copies of all training plans and documents that were used by Jennifer K. Engstrom to train Plaintiff, Vladik Bykov, while Plaintiff was under Jennifer K. Engstrom's managerial control during Plaintiff's training period at Eacceleration Corporation.

**Response:**

Defendant objects to this request as vague and ambiguous as to "training plans and documents."  Defendant further objects that this request is cumulative of RFP No. 4 in Plaintiff's 1st Notice of Request for Production of Documents to Defendant.  Without waiving objection, see documents previously produced at EAC 000582-000937.

5.  Full and complete copies of all documents showing communication between Jennifer K. Engstrom and Plaintiff, Vladik Bykov, while Plaintiff was under Jennifer K. Engstrom's managerial control during Plaintiff's training period at Eacceleration Corporation. Do not forget to include all e-mails exchanged between Jennifer K. Engstrom and Vladik Bykov.

**Response:**

Defendant objects to this request as overbroad and not calculated to lead to the discovery of admissible evidence.  Defendant further objects to the extent that this request calls for documents that are protected by the work product or attorney-client privilege.  Without waiving objection, see documents produced at EAC 000582-000937.

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

6.     Full and complete copies of all document material that Jennifer K. Engstrom did provide to Plaintiff, Vladik Bykov, that provided Plaintiff with information regarding Plaintiff's duties and responsibilities during training and after training.

**Response:**

Defendant objects to this request as vague and ambiguous as to the meaning of "document material" and to the extent that the request is cumulative of RFP No. 4 in Plaintiff's 1st Notice of Request for Production of Documents to Defendant.

7.     Full and complete copies of all, including, but not limited to, employee handbooks or any other documents that provided the Plaintiff, Vladik Bykov, with information relating to his relationship with Eacceleration Corporation and how he would expect to be treated by Eacceleration Corporation.

**Response:**

Defendant objects to this request as vague and ambiguous.  Defendant further objects to this request is cumulative of RFPs No. 1 and 7 in Plaintiff's 1st Notice of Request for Production of Documents to Defendant.  Without waiving objections, see documents produced in response thereto.

DATED this 4th day of January, 2006.

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier, WSBA# 18623
Attorney for Defendant

w:\wdclient\1330\00013\mm600281.doc

PLAINTIFF'S 2nd NOTICE OF REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT and DEFENDANT'S
RESPONSES THERETO – Page 5

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

PY

HONORABLE RONALD B. LEIGHTON

COPY RECEIVED

TIME _____ BY _____

JAN 2 7 2006

BENNETT BIGELOW
& LEEDOM

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,                    )
                                         )
                    Plaintiff,           )     CASE NO.  C05-5251 RBL
                                         )
        vs.                              )
                                         )     PLAINTIFF'S 3rd NOTICE OF REQUEST
EACCELERATION CORP.,                     )     FOR PRODUCTION OF DOCUMENTS TO
d/b/a WWW.EACCELERATION.COM,             )     DEFENDANT
d/b/a WWW.STOP-SIGN.COM                  )
                                         )
                    Defendant            )

---

In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff, Vladik

Bykov, hereby requests that the Defendant, Eacceleration Corporation, produce the documents

as they are located in their usual place of keeping at Eacceleration Corporation, set forth in the

numbered paragraphs that follow, at the offices of Eacceleration Corporation located at 1050

NE Hostmark St. Ste. 100B  Poulsbo, WA  98370 on the date of  February 27th, 2006 at 9 AM,

and continuing for as many hours or days as needed, until copies of all requested documents are

made.  Please make arrangements for someone to be present and available who will provide

plaintiff with any necessary specialized access to any documents requested in this Plaintiff's

3rd Notice of Request for Production of Documents.

    As used herein, the term "document" shall include all writings, notes, drafts, outlines,

recordings, and files, regardless of storage media; they include, but are not limited to, writings

PLAINTIFF'S 3rd NOTICE FOR PRODUCTION - 1
OF DOCUMENTS TO DEFENDANT

CASE #: CV05-5251


EXHIBIT 3

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

contained on paper, recordable tape, celluloid, disks, hard drives, electronic mail servers, or any other digitally stored media. The term "document" shall also include the full range of writings described in Rule 1001 of the Federal Rules of Evidence.

1.  All documents in your possession, custody, control, or under your control, written or created that show the results of all tests or exams that Eacceleration has ever required of any and all job applicants, employees or interns, starting from the date of Eacceleration's incorporation.

2. Copies of the actual tests and examinations that Eacceleration Corporation has ever required of job applicants, employees and interns, starting from the initial date of Eacceleration's incorporation.

3. Copies of Eacceleration Corporation's articles of incorporation.

4. All documents in your possession, custody, control, or under your control, written or created that show why the Plaintiff, Vladik Bykov, was required to take an examination on May 28th, 2004.

5. All documents in your possession, custody, control, or under your control, written or created that indicate the general purpose for the examination, as taken by Plaintiff, for which it is used at Eacceleration Corporation.

6. All documents in your possession, custody, control, or under your control, written or created that indicate when the examination, which was taken by Plaintiff, Vladik Bykov, is administered to job applicants, employees or interns at Eacceleration Corporation.


DATED this 26th day of January, 2006


By:  /S Vladik Bykov
      VLADIK BYKOV, pro se
      7435 159th PL NE H347
      REDMOND, WA  98052
      425-869-8379
      VLADIK@USA.NET


PLAINTIFF'S 3rd NOTICE FOR PRODUCTION - 2
OF DOCUMENTS TO DEFENDANT

CASE #:  CV05-5251

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET



Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

February 17, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

Re:    Bykov v. eAcceleration

Dear Mr. Bykov:

Defendant eAcceleration objects to Plaintiff's 3rd Notice of Request for Production of Documents to Defendant and will not produce the documents that you requested related to the test. As you know, you received a passing test score. As such, the test has no bearing on your failure to accommodate claims, and information about the test is not calculated to lead to the discovery of admissible evidence. Even if it were, your requests in Nos. 1, 2 and 6 are overbroad and burdensome.

Please do not appear at the offices of eAcceleration on February 27th or on any other date to attempt to copy documents. Thank you for your cooperation in this matter.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier

MRW:cbf

cc:   Clint Ballard
      John Bower
      Noelle Jackson

{1330.00013/MM602823.DOC, Ver. 1}

EXHIBIT 4

COPY RECEIV~
February 18, 2~~~
TIME Redmond, WA

FEB 2 2 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
Bennett Bigelow and Leedom
1700 7th Ave.
Suite 1900
Seattle, WA  98101

Re: Bykov v Eacceleration   CV05-5251

To Ms. Marie R. Westermeier:

I received a letter from you today, dated February 17th, 2006, where you state that Defendant objects to Plaintiff's 3rd Notice of Request for Production of Documents to Defendant ("REQUEST") and that Defendant will not produce documents in the aforementioned REQUEST. I kindly insist that you produce the documents requested. I believe that your objection is in bad faith and your reasons for objecting to the REQUEST are illegitimate.

As you may know and the record shows, Plaintiff was required to take a standardized intelligence test on May 28th, 2004 while he was employed at Eacceleration Corporation. Indeed, Eacceleration Corporation has admitted in its answer that Plaintiff was required to take a standardized intelligence test. Coincidently, or on purpose, this intelligence test was given to the Plaintiff just shortly after Plaintiff had asked for an accommodation for his mental impairment. Eacceleration has failed to answer why Plaintiff was required to take an intelligence test and the reasons why Eacceleration requires its job applicants and employees to take an intelligence test as a condition of employment. These questions, and therefore all related discovery, are relevant to the issue of why Plaintiff was required to take an intelligence test and more importantly, what factor the intelligence test played in Plaintiff's lack of accommodation and subsequent termination.

In the same later, dated February 17th, 2006, you state that "[I]...received a passing test score" and "...the test has no bearing on your failure to accommodate claims, and information about the test is not calculated to lead to the discovery of admissible evidence." Have you forgotten that the Plaintiff has pled multiple claims in his Complaint? I will remind you of one of the claims: Claim 7 "The Americans with Disabilities Act prohibits using employment tests that screen out or tend to screen out an individual with a disability unless the test is shown to be job-related for the position in question and is consistent with business necessity. 42 USC §12112(b)(6). Eacceleration, by forcing Plaintiff to take a standardized general intelligence test, is in violation of the Americans with Disabilities Act, 42 USC § 12,101 et seq."

If you still fail to understand the connection between the intelligence test that Plaintiff was forced to take and the necessity of discovery relating to the test, please let me know and I will try to explain further. And if you like, I can also send you a copy of my complaint if you have lost the original.


EXHIBIT 5

I kindly request that you produce the documents requested in Plaintiff's 3rd Notice of Request for Production of Documents by replying to this letter and stating that you will produce the documents.  Alternatively, if you still object to their production, I kindly request that we have a conference before the Plaintiff files a motion to compel discovery under F.R.C.P. Rule 37.  I expect to receive a letter from you indicating date and time for our conference, and whether it will be telephonic or in person.


Sincerely,

Vladik Bykov

1

HONORABLE RONALD B. LEIGHTON

COPY RECEIVED
TIME _____ BY _____

FEB - 3 2006

BENNETT BIGELOW
& LEEDOM

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 | VLADIK BYKOV, pro se,                      )

12 |        Plaintiff,                          )        CASE NO.  C05-5251 RBL
                                               )
13 |    vs.                                     )
                                               )        PLAINTIFF'S 2nd INTERROGATORY
14 | EACCELERATION CORP.,                       )        REQUEST TO DEFENDANT
    d/b/a WWW.EACCELERATION.COM,                )
15 | d/b/a WWW.STOP-SIGN.COM                    )
                                               )
16 |                                            )

17 |        Defendant

18

19

### PLAINTIFF'S INTERROGATORY TO DEFENDANT

20       The above name Plaintiff, Vladik Bykov, requests that the Defendant, Eacceleration

21 Corporation, in accordance with Federal Rules of Civil Procedure, Rule 33, provide a full and

22 complete answer to Plaintiff, Vladik Bykov, within thirty (30) days of this request to the

23 following interrogatory.  This interrogatory is to be answered by the Defendant, Eacceleration

24 Corporation, under oath within the time permitted by law.  The requested information must be

25 provided regardless of whether it is possessed by the Defendant personally or by agents,

26 employees, representatives or persons acting on behalf of said Defendant.  If you (Defendant) or

27 anyone acting on your behalf should discover any new information or change a position, you are

28 obligated to supplement your answers within the time permitted by law, as required by Rule

PLAINTIFF'S 2nd INTERROGATORY
REQUEST TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET


EXHIBIT 6

26(e) of the Fed. Rules of Civ. Proc. If you object to providing any specific detail of information, state the specific detail objected to and state the objection, but provide all other information to which you do not object.

In answering interrogatory #3, for each and every individual, please use a separate page, and indicate the individual's name at the top of the page before providing details about that individual. For each and every individual, indicate whether the company actually has the detailed information which is being requested in the interrogatory vel non. If you do not have specific information, as requested in the interrogatory, you must state so in your answer, even if you object to providing the detailed information in your answer.

In answering interrogatory #2, for each and every question on the examination, use a separate page, and indicate the question at the top of the page before providing details about that question.

2. For each and every question contained in the examination, which Plaintiff was required to take on May 28th, 2004, identify and explain how that question is related to what the Plaintiff was doing at Eacceleration, i.e., how the question is related to the positions, job duties, job assignments and job training that Plaintiff was required to perform or participate in while employed by Eacceleration.

In order to help you understand what kind of information I am looking for in your reply to this interrogatory, your answer should include the following information: The skill, knowledge or ability the question is attempting to identify, ascertain or test; How the question is related to what the Plaintiff would have been doing if he were to have completed training. Provide specific job functions or duties that are directly related to the question. Also explain how the question is related to what the Plaintiff actually did after he stopped participating in training. Provide specific job functions or duties that are related to the question. Lastly, explain the way the question is related to training.

In general, you are to provide information that shows the relationship between the question and any positions, job duties, job assignments or job training that Plaintiff was required

PLAINTIFF'S 2nd INTERROGATORY
REQUEST TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

to fulfill, by explaining the need in terms of performance, skill, knowledge or ability and how it

is connected to what the Plaintiff was doing at Eacceleration.

An example:

Question: What color must the streetlight be in order for you to drive?

This kind of question would appear on a written driving exam.  One way you would

answer my interrogatory for this question, if it were on the examination taken by Plaintiff is as

follows: "The purpose of this question is to identify if the person has knowledge of the different

types of lights that a street light may indicate.  This question is related to driving by the fact that

a driver must be able to differentiate the colors in order to determine when he or she is able to

continue driving his or her car. Without such knowledge, drivers will not know when to stop and

when to drive on at intersections where the probability of collisions increase dramatically,

resulting in crashes.  By creating a rule and making sure that drivers are aware that they must

follow this rule at intersections, drivers will know whose turn it is to drive.  Thus, knowing the

meaning of each color of a streetlight is important to avoiding accidents and insuring safety to

the people of our city. In order for someone to drive a car, he or she must know the meanings of

different colors that a streetlight may indicate."

In the same fashion as I have answered this question about knowledge of streetlights, I

want you, the Defendant, to provide a complete explanation of how each and every question on

the Plaintiff's examination is related to what the Plaintiff was doing while employed at

Eacceleration.

3. Identify all employees and interns that have ever worked at Eacceleration Corporation

and all job applicants that were not hired and for each and every individual provide the following

information: (Remember, if you object to providing any information, you must still indicate

whether your records contain the information or not. And, if you object to giving out the name,

you must substitute the person's name with John Doe or Jane Doe, and number them

accordingly, and still provide any information for that individual to which you do not object.)

A. Full name, including first and last name, and any middle initial.

PLAINTIFF'S 2nd INTERROGATORY
REQUEST TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

B. Current or last known address.

C. Current or last known telephone #.

D. All positions and job tittles that were held by the individual. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

E. Results of any test or examination that the individual took before or after being hired by Eacceleration, including the date on which the individual took any test. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

F. The position for which the individual took the test, if any, and the reason, if known, why the individual was required to take the test. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

F. The date on which the individual was hired, and if no longer an employee, the date on which the individual was terminated. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

G. The reason for which the individual was terminated or reason for leaving Eacceleration, if known, in case the individual no longer works for Eacceleration Corporation. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

H. Individual's qualifications that were considered in making a decision to hire the individual. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

I. The individual's performance record. If you object to providing this information, indicate the present location where such information can be found. You must also indicate whether you have such information vel non.

PLAINTIFF'S 2nd INTERROGATORY
REQUEST TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

1    4. Identify and describe the business necessity and nature of the examination taken by

2    Plaintiff on May 28th, 2004.

3        In order to help you understand what kind of information I am looking for in your reply

4    to this interrogatory, your answer should at least include the following information: Why the

5    examination is given to individuals: The purpose for which the examination is given.  The point

6    at which a job applicant or employee is required to take the examination. The reason why the

7    examination is given to the individual.  The way the result of the examination is used.  The name

8    or title of the person who determines when an examination is to be given. What factors are used

9    in determining who is required to take the examination. Is the examination administered

10   selectively, if so, why?

11       In general terms, Defendant's answer needs to answer the simple question: How and Why

12   does Eacceleration administer an examination? However, you must provide detailed information.

13   Simply stating that the examination is important is insufficient. You must indicate the

14   circumstances in which it is required, whether the company uses the test results in its decisions to

15   promote, demote or terminate employees, and the philosophy behind the examination. What

16   effect does the exam have on a job applicant? And, in order to provide a full answer, the

17   Defendant should indicate what the consequences would be if Defendant did not require its job

18   applicants and employees to take the test.

19

20

21

22       DATED this 31st day of January, 2006

23

24                                    By: *Vladik Bykov*

25                                    VLADIK BYKOV, pro se
                                      7435 159th PL NE H347
26                                    REDMOND, WA  98052
                                      425-869-8379
27                                    VLADIK@USA.NET

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se

      Plaintiff,

    v.

EACCELERATION CORPORATION, d/b/a
WWW.EACCELERATION.COM; d/b/a
WWW.STOP-SIGN.COM,

      Defendants.

Case No. C05-5251 RBL

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER

17

18

19

20

    The Defendant, eAcceleration Corporation, by and through its counsel, Bennett Bigelow & Leedom and Marie Westermeier, moved the Court for a Protective Order pursuant to Rule 26(c). The undersigned, having read and considered Defendant's Motion, Plaintiff's Opposition, and Defendant's Reply pleadings, and the declarations and exhibits offered by the parties in support thereof, including the following:

21

22

    1)  Declaration of Marie Westermeier and Exhibits 1-12 attached thereto;

23

    2) Declaration of Jennifer Engstrom;

24

    3)  Declaration of David Nason and attachments thereto; and

25

    4)  Declaration of Clinton Ballard and attachments thereto.

26

27

    NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendant's Motion for Protective Order [Dkt. #21] is GRANTED. Pursuant to this order:

28

    1.      All depositions in this matter shall take place at the offices of Bennett Bigelow & Leedom unless the parties mutually agree to another location that is not at a personal residence;

ORDER
Page - 1



EXHIBIT 7

2. The Plaintiff shall direct all communications to current managers, supervisors, officers and employees of eAcceleration only through counsel for Defendant. Plaintiff shall not attempt to contact directly any managers, officers or supervisors of eAcceleration.

3. Plaintiff shall not attempt to contact directly any employees or eAcceleration while they are at work during business hours, and plaintiff shall not contact any employees at any time, in any manner, who ask not to be contacted by the plaintiff.

4. Plaintiff's Requests for Admission 1-100 are stricken and Defendant is excused from answering the Requests. The Requests for Admission in this matter shall be limited to 25 per side. It is further

**ORDERED** that Plaintiff's Motion to Strike [Dkt. #27] is **DENIED**.

DATED this 9th day of January, 2006.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented By:

BENNETT BIGELOW & LEEDOM, P.S.


By_____
    Marie Westermeier, WSBA #18623
    Noelle Jackson WSBA #_____
Attorneys for Defendant

ORDER
Page - 2