COPY RECEIVED
HONORABLE RONALD B. LEIGHTON BY
MAR - 3 2006
BENNETT BIGELOW
& LEEDOM

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,

  Plaintiff,

vs.

EACCELERATION CORP.,
d/b/a WWW.EACCELERATION.COM,
d/b/a WWW.STOP-SIGN.COM

  Defendant

CASE NO. C05-5251 RBL

PLAINTIFF'S 5th NOTICE OF ORAL DEPOSITION TO DEFENDANT

DATE OF DEPOSITION: March 13th, 2006

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
    1050 NE Hostmark St.100B
    Poulsbo, WA  98370

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Nathan Inabinett, a managing agent of the Responding Party, Eacceleration Corporation, and who, according to public records, currently abides at 2529 Sheridan Rd. in the City of Bremerton and State of Washington. The deposition will take place at the conference room at the Redmond Regional Library, located at 15990 NE 85th Street, in the City of Redmond and State of Washington, on

PLAINTIFF'S 5th NOTICE OF - 1
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)


EXHIBIT 8

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

1  Monday on the date of March 13th, 2006, at 11 o'clock AM before a Notary Public, authorized
2  to administer oath. The deposition will start at 11 AM and will continue for up to seven hours,
3  not including a 1.5 hour break for eating food and other break periods as necessary. You are
4  invited to attend and cross-examine.
5      The deposition shall be taken and recorded by way of video and audio methods. If you
6  choose, you may arrange for any additional methods of recording in accordance with Rule
7  30(b)(3) of the Federal Rules of Civil Procedure.
8      People in attendance will consist of the following:
9  Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.
10 Vladik Bykov, Plaintiff
   Nathan Inabinett, Deponent
11 Notary Public
12
13 DATED this 1st day of March, 2006
14
15                                                  By: *Vladik Bykov*
16                                            VLADIK BYKOV, pro se
                                              7435 159th PL NE H347
17                                            REDMOND, WA  98052
                                              425-869-8379
18                                            VLADIK@USA.NET
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S 5th NOTICE OF - 2
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)



Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 3, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

Re: Bykov v. eAcceleration

Dear Mr. Bykov:

This letter responds to your nine letters received by this office between February 21 and today. I was out of town the week of February 20 and did not return to the office until Monday of this week.

Four of your letters concern your request for deposition dates for 5 employees and representatives of eAcceleration. (Letters dated 2/16, 2/23, 2/27 and 3/1). Before I left for vacation, I forwarded your request for deposition dates to the appropriate person at eAcceleration. The Human Resources manager is coordinating deposition dates for each person. At this point, the following people can be available at my office on the following dates: Nathan Inabinett on March 13, Jennifer Engstrom on March 14, and Terry Adkins on March 15. I also would like to take your deposition this month. Please provide me with dates in the last two weeks of March when you would be available for a deposition in my office.

I have enclosed the Articles of Incorporation that you requested in Plaintiff's 3rd Notice of Request for Production of Documents to Defendant, No. 3.

With respect to your request to inspect the premises at eAcceleration, I stand by my letter of February 17. Contrary to your assertion, there is no order from the court concerning inspection of the property, but the protective order specifically prohibits you from contacting directly any employees of eAcceleration while they are at work during business hours.

Regarding your request for income documents in Plaintiff's 2d Notice of Request for Production of Documents to Defendant, please refer to the quarterly reports that eAcceleration

1700 Seventh Avenue, Suite 1900 · Seattle, Washington 98101-1397
T 206.622.5511 · F 206.622.8986 · www.bbllaw.com



EXHIBIT 9

Vladik Bykov
March 3, 2006
Page 2

files with the SEC, which list revenue and assets and which you have previously accessed through edgar.com and produced in discovery, such as the 10Q reports.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier

MRW
Enclosure
cc:   Clint Ballard
      John Bower
      Noelle Jackson

# CERTIFICATE OF INCORPORATION

of

# EACCELERATION CORP.
(a Delaware corporation)

\* \* \* \* \* \*

THE UNDERSIGNED, a natural person, for the purpose of organizing a corporation for conducting the business and promoting the purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the State of Delaware (particularly, Chapter 1, Title 8, of the Delaware Code and the acts amendatory thereof and supplemental thereto and known, identified and referred to as the "General Corporation Law of the State of Delaware"), hereby certifies that:

FIRST:   The name of the Corporation is:

EACCELERATION CORP.

SECOND:   The location of the registered office of the Corporation in the State of Delaware is at 1013 Centre Road, Wilmington, Delaware 19805. The name of the registered agent of the Corporation in the State of Delaware at such address upon whom process against the Corporation may be served is Corporation Service Company.

THIRD:   The purpose of the Corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of the State of Delaware.

FOURTH:   (a) The total number of shares of all classes of stock which the Corporation shall have authority to issue is ONE HUNDRED TWO MILLION (102,000,000) shares, of which (i) TWO MILLION (2,000,000) shares shall be Serial Preferred Stock of the par value of $.0001 per share and (ii) ONE HUNDRED MILLION (100,000,000) shares shall be shares of Common Stock of the par value of $.0001 per share.

(b) The statement of the relative rights, preferences and limitations of the shares of each class of stock is as follows:

A.   <u>Serial Preferred Stock</u>. The Serial Preferred Stock may be issued from time to time in classes or series and shall have such voting powers, full or limited, or no voting powers, and such designations, preferences and relative, participating, optional or other special rights, and qualifications, limitations or restrictions thereof, as shall be stated and expressed in the resolution or resolutions of the Board of Directors providing for the issuance of such stock.

B. <u>Common Stock</u>. Subject to the rights, privileges, preferences and priorities of any holders of Serial Preferred Stock, the Common Stock shall be entitled to dividends out of funds legally available therefor, when, as and if declared and paid to the holders of Common Stock, and upon liquidation, dissolution or winding up of the Corporation, to share ratably in the assets of the Corporation available for distribution to the holders of Common Stock. Except as otherwise provided herein or by law, the holders of the Common Stock shall have full voting rights and powers, and each share of Common Stock shall be entitled to one vote. All shares of Common Stock shall be identical with each other in every respect.

FIFTH:   The name and mailing address of the incorporator is as follows:

Richard B. Goodman
Kaufman & Moomjian, LLC
Suite 206
50 Charles Lindbergh Boulevard
Mitchel Field, New York 11553

SIXTH:   The number of directors of the Corporation shall be determined in the manner prescribed by the by-laws of the Corporation. Each director shall serve until his successor shall have been duly elected and qualified, unless he shall resign, become disqualified, disabled or shall otherwise be removed. Whenever a vacancy occurs on the Board of Directors, a majority of the remaining directors have the power to fill the vacancy by electing a successor director to fill that portion of the unexpired term resulting from the vacancy.

SEVENTH:   Meetings of stockholders may be held within or without the State of Delaware as the by-laws may provide. The books of the Corporation may be kept (subject to any provision contained in the statutes) outside the State of Delaware, at such place or places as may be designated from time to time by the Board of Directors or in the by-laws of the Corporation. Election of directors need not be by written ballot unless the by-laws of the Corporation shall so provide.

EIGHTH:   Subject to the provisions contained in Article TWELFTH hereof, the Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon stockholders herein are granted subject to this reservation.

NINTH:   Any action required to be taken or which may be taken at any annual or special meeting of stockholders of the Corporation may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

TENTH: Special meetings of stockholders may be called by the Chairman of the Board, President or a majority of the Board of Directors or at the written request of stockholders owning at least 66⅔% of the entire voting power of the Corporation's capital stock.

ELEVENTH: In the event that it is proposed that the Corporation enter into a merger or consolidation with any other corporation and such other corporation or its affiliates singly or in the aggregate own or control directly or indirectly 15% or more of the outstanding voting power of the capital stock of the Corporation, or that the Corporation sell substantially all of its assets or business to such other corporation, the affirmative vote of the holders of not less than 66⅔% of the total voting power of all outstanding shares of capital stock of the Corporation shall be required for the approval of any such proposal; provided, however, that the foregoing shall not apply to any such merger, consolidation or sale of assets or business which was approved by resolutions of the Board of Directors of the Corporation prior to the acquisition of the ownership or control of 15% of the outstanding shares of the Corporation by such other corporation or its affiliates, nor shall it apply to any such merger, consolidation or sale of assets or business between the Corporation and another corporation, 50% or more of the total voting power of which is owned by the Corporation. For the purposes hereof, an "affiliate" is any person (including a corporation, partnership, trust, estate or individual) who directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified; and "control" means the possession, directly or indirectly, of the power to direct or cause the direction of management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

TWELFTH: The provisions set forth in Articles SIXTH, NINTH, TENTH AND ELEVENTH above may not be altered, amended or repealed in any respect unless such alteration, amendment or repeal is approved by the affirmative vote of the holders of not less than 66⅔% percent of the total voting power of all outstanding shares of capital stock of the Corporation.

THIRTEENTH: Each person who at any time is or shall have been a director or officer of the Corporation and is threatened to be or is made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that the person is, or the person or the person's testator or intestate was, a director, officer, employee or agent of the Corporation, or served at the request of the Corporation as a director, officer, employee, trustee or agent of another corporation, partnership, joint, venture, trust or other enterprise, shall be indemnified against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with any such threatened, pending or completed action, suit or proceeding to the full extent authorized under Section 145 of the General Corporation Law of the State of Delaware. The foregoing right of indemnification shall in no way be exclusive of any other rights of indemnification to which such director or officer may be entitled under any by-law, agreement, vote of stockholders or disinterested directors, or otherwise.

FOURTEENTH: Any and all right, title, interest and claim in or to any dividends declared by the Corporation, whether in cash, stock, or otherwise, which are unclaimed by the

stockholder entitled thereto for a period of six years after the close of business on the payment date shall be and be deemed to be extinguished and abandoned; such unclaimed dividends in the possession of the Corporation, its transfer agents, or other agents or depositaries shall at such time become the absolute property of the Corporation, free and clear of any and all claims for any person whatsoever.

FIFTEENTH: Any and all directors of the Corporation shall not be liable to the Corporation or any stockholder thereof for monetary damages for breach of fiduciary duty as director except as otherwise required by law. No amendment to or repeal of this Article FIFTEENTH shall apply to or have any effect on the liability or alleged liability of any director of the Corporation for or with respect to any act or omission of such director occurring prior to such amendment or repeal.

SIXTEENTH: The Board of Directors of the Corporation shall expressly have the power and authorization to make, alter and repeal the by-laws of the Corporation, subject to the reserved power of the stockholders to make, alter and repeal any by-laws adopted by the Board of Directors.

THE UNDERSIGNED, for the purposes of forming the Corporation under the laws of the State of Delaware, does hereby make and execute this Certificate and affirm and acknowledge, under the penalties of perjury, that this Certificate is my act and deed and that the facts herein stated are true, and I have accordingly set my hand hereto this 1st day of November, 1999.

/s/ Richard B. Goodman
Richard B. Goodman
Incorporator
Kaufman & Moomjian, LLC
50 Charles Lindbergh Boulevard
Suite 206
Mitchel Field, New York  11553
(516) 222-5100



Bennett Bigelow & Leedom, P.S.

Law Offices

**Marie R. Westermeier**
Attorney
mwestermeier@bbllaw.com

March 8, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

  Re: Bykov v. eAcceleration

Dear Mr. Bykov:

  I have not heard from you regarding the deposition dates that I offered next week beginning Monday, March 13, in our office. Please confirm your intention to go forward with those depositions. If I do not hear from you by close of business on Thursday, I will assume that the depositions are stricken.

          Very truly yours,

          BENNETT BIGELOW & LEEDOM, P.S.

          Marie R. Westermeier

MRW

cc: Clint Ballard
   John Bower
   Noelle Jackson

{1330.00013/MM608694.DOC, Ver. 1}

1700 Seventh Avenue, Suite 1900 · Seattle, Washington 98101-1397
T 206.622.5511 · F 206.622.8986 · www.bbllaw.com



EXHIBIT 10

COPY RECEIVED
Mailed the 13th
TIME: Redmond, WA BY

MAR 15 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
c/o Bennett Bigelow and Leedom
1700 7th Ave., SUITE 1900
Seattle, WA 98101

Re: Bykov v Eacceleration

Dear Mrs. Marie R. Westermeier,

    Today is March 13th, 2006 and you and Nathan Inabinett, the deponent, were supposed to attend today's scheduled deposition at the Redmond Regional Library at 11AM in Redmond, Washington. You and your client failed to appear at the deposition.
    On March 1st, 2006 I mailed you "Plaintiff's 5th Notice of Oral Deposition to Defendant." through U.S. Mail, informing you that you and your client were to attend the deposition, which was scheduled for 11AM at the Redmond Regional Library located at 15990 NE 85th Street in the City of Redmond, State of Washington. In addition, I mailed a copy of the said notice to Eacceleration Corporation at 1050 NE Hostmark St., Suite 100B in Poulsbo, Washington. Lastly, I e-mailed you a copy of the said notice on March 2nd, 2006. Yet, you and Mr. Nathan Inabinett did not appear at the scheduled time and place for a deposition of Mr. Nathan Inabinett.
    According to rule 30(b)(1), "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined…" On March 1st, 2006 I mailed you and Eacceleration Corporation a copy of "Plaintiff's 5th Notice of Oral Deposition to Defendant" through U.S. Mail, which specified that the deposition of Nathan Inabinett would take place on March 13th, 2006 at the Redmond Regional Library. And, I indicated the presumed present address of Mr. Nathan Inabinett. It is presumed because you have failed to produce his address in response to one of my requests for production of documents. Therefore, I have fulfilled the requirements of providing to you notice of the place and time of the deposition and the name and address of the deponent, Nathan Inabinett.
    On March 13th, 2006 I arrived at 10 AM at the Redmond Regional Library in order to set up the video and audio recording equipment for the deposition of Nathan Inabinett. At 11AM a Notary Public from the "Traveling Notary Service", whose telephone number is 425-883-2510, appeared in order to proceed to administer oath to the deponent. However, deponent, Nathan Inabinett, was not present. I and the Notary Public waited for almost an hour in the conference room of the Redmond Regional Library for your and your client's presence. But, no one showed up. I did not receive a call from you or the deponent telling me that you or the deponent would not be coming to the deposition. In fact, you, nor the deponent, Mr. Nathan Inabinett, ever contacted me by any method informing me that you or Mr. Nathan Inabinett would not be attending the

EXHIBIT 11

deposition of Mr. Nathan Inabinett. I did not see you at the library on March 13th, 2006 and I did not see Mr. Nathan Inabinett.

For your and your client's failure to appear at the scheduled deposition, and your failure to inform me that you and your client would not appear at the deposition, I kindly request that you reimburse me for all expenses relating to the preparation for the deposition in the amount of $350.00.

Detailed account of fees ($65/hr):

1. Time required to pack all equipment together before leaving for library: 1 hr.
2. Time required to carry out equipment from home and put it in car: .5 hour.
3. Time to take out equipment at library: .5 hr.
4. Time to set up equipment in the library: .5 hr.
5. Waiting time at library for Mrs. Westermeier and Nathan Inabinett: 1 hr.
6. Time to disassemble and pack equipment: .5 hr
7. Time to carry all equipment back to car: .5 hr.
8. Time to carry all equipment back to apartment: .5 hr.
9. Cost of notary public: $25.00

Total: 5 hours x $65 + $25 = $350.00

Please make a check out for $350.00 in my name, Vladik Bykov, and mail it to:

7435 159th PL NE H347
Redmond, WA 98052


Thank you kindly,

*Vladik Bykov*
Vladik Bykov



This picture shows the conference room where deposition would have taken place if Mrs. Westermeier and Nathan Inabnett had appeared.

February 22nd, 2006<br>
Redmond, WA

**COPY RECEIVED**
TIME _____ BY _____

FEB 2 4 2006

BENNETT BIGELOW
& LEEDOM

Mr. Clinton L. Ballard
c/o Eacceleration Corporation
1050 NE Hostmark St. 100B
POULSBO, WA 98370

Re: Bykov v. Eacceleration Corp.

REQUEST FOR DOCUMENT RETENTION AND PRESERVATION

Dear Mr. Ballard,

If you are represented by an attorney you should review this letter with him or her immediately.

Please be advised that through the court process known as "discovery" I intend to examine all of your records, notes, letters, documents and writings regarding the employment of Vladik Bykov, a former employee at Eacceleration Corporation, including, inter alia, issues of employment, such as policy, procedure, training and intelligence testing. This not only includes paper writings and records but also consists of electronic, taped and computerized writings as well. These records further include computer files, email and faxes. I consider all of this information to be important evidence that should be preserved. And I ask that you please take immediate steps to preserve such information.

Therefore, please do not destroy, erase or over-write any writings or documents, regardless of physical form or type, that, in any manner, pertain to Vladik Bykov's employment, or other associated issues of employment, including, inter alia, policy, procedure, training and intelligence testing at Eacceleration Corporation. I would ask that if you have a policy involving the periodic destruction of such information that you suspend the policy immediately in so far as it pertains to the subject matter and issues mentioned in this letter.

Please be advised that merely opening a computer file or email messages will alter and obliterate important information.

Sincerely,

*Vladik Bykov*
Vladik Bykov

Cc: Marie R. Westermeier


EXHIBIT 12

SEATTLE WA 981
03 MAR 2006 PM 2 T

RECEIVED MAR 03 2006

EACCELERATION CORPORATION
1050 NE Hostmark St. 100B
POULSBO, WA 98370

Vladik Bykov
7435 159th PL NE H347
REDMOND, WA 98052

EXHIBIT 13

03/09/06  THU 17:14  [TX/RX NO 9697]

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,

    Plaintiff,

vs.

EACCELERATION CORP.,
d/b/a WWW.EACCELERATION.COM,
d/b/a WWW.STOP-SIGN.COM

    Defendant

CASE NO. C05-5251 RBL

PLAINTIFF'S 5th NOTICE OF ORAL DEPOSITION TO DEFENDANT

DATE OF DEPOSITION: March 13th, 2006

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
                 1050 NE Hostmark St.100B
                 Poulsbo, WA 98370

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Nathan Inabinett, a managing agent of the Responding Party, Eacceleration Corporation, and who, according to public records, currently abides at 2529 Sheridan Rd. in the City of Bremerton and State of Washington. The deposition will take place at the conference room at the Redmond Regional Library, located at 15990 NE 85th Street, in the City of Redmond and State of Washington, on

PLAINTIFF'S 5th NOTICE OF – 1
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

03/09/06 THU 17:14 [TX/RX NO 9697]

1  Monday on the date of March 13th, 2006, at 11 o'clock AM before a Notary Public, authorized
2  to administer oath. The deposition will start at 11 AM and will continue for up to seven hours,
3  not including a 1.5 hour break for eating food and other break periods as necessary. You are
4  invited to attend and cross-examine.
5      The deposition shall be taken and recorded by way of video and audio methods. If you
6  choose, you may arrange for any additional methods of recording in accordance with Rule
7  30(b)(3) of the Federal Rules of Civil Procedure.
8      People in attendance will consist of the following:
9  Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.
10 Vladik Bykov, Plaintiff
   Nathan Inabinett, Deponent
11 Notary Public

12
13 DATED this 1st day of March, 2006

14
15                                              By: *Vladik Bykov*
                                                 VLADIK BYKOV, pro se
16                                               7435 159th PL NE H347
                                                 REDMOND, WA  98052
17                                               425-869-8379
                                                 VLADIK@USA.NET
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S 5th NOTICE OF - 2                    Vladik Bykov Pro Se
ORAL DEPOSITION TO DEFENDANT                     7435 159th PL NE H347
                                                 REDMOND, WA  98052
CASE #: CV05-5251 (RBL)                          425-869-8379
                                                 VLADIK@USA.NET

January 5th, 2006

COPY RECEIVED
TIME _____ BY _____

JAN - 9 2006

BENNETT BIGELOW
& LEEDOM

Marie Westermeier
Bennett Bigelow and Leedom
1700 7th Ave., Suite 1900
Seattle, WA 98101

Dear Ms. Westermeier,

    This letter is regarding "Defendant's Response to Plaintiff's 1st Notice of Request for Production of Documents to Defendant." ("RESPONSE"), which was received by Plaintiff on Thursday, January 5th, 2006.

    I would like to focus your attention to the response to paragraph 1, located on page 3 of RESPONSE. You indicate that Defendant's initial disclosures and documents attached to the RESPONSE represent those documents requested in Plaintiff's 1st paragraph in RESPONSE. It seems you have chosen to provide these documents in a form other than the original form, and you have denied me the opportunity to obtain these documents directly from the original source of these documents. I assume that these documents, as far as I am able to tell, are e-mails generated electronically on a computer located at Eacceleration, or a computer under the control of Eacceleration. I hereby request that you provide me with access to the original source where these e-mails are currently located. If they are located on a single hard drive, or multiple hard drives, I request that you provide me with access to those hard drives, so that I can make a full copy, as originally requested in Plaintiff's 1st Notice of Request for Production of Documents to Defendant." I will not hesitate to seek a motion to compel the production of hard drives containing these documents. I would like to have access to the original media on which these documents were found. Thank you. Please make available access to all electronic media at Eacceleration Headquarters or at offices of Binnett Bigelow and Leedom. Thank you.

    I would like to focus your attention to the response to paragraph 2, located on page 3 of RESPONSE. In your response, you assert that Eacceleration will not provide personnel files of employees at Eacceleration. However, you say that these files will be released upon "...a showing of need as determined by the court, and only pursuant to an appropriate protective order." At this time, I am not aware that you have chosen to seek a protective order regarding employee documents. Therefore, it seems to me that your objection is moot. Since you have not sought a protective order, I request that Eacceleration provide me access to all Eacceleration's employee documents for photocopying. Most importantly, you have failed to agree to Plaintiff's "Stipulated Protective Order", which would have created ground rules for dealing with confidential information. You have not suggested any alternative Protective Order regarding confidential information. I believe your objection that this request is "...vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence." is unsubstantiated. At issue in this lawsuit is the pattern by which Plaintiff was treated. Employee records would enable the Plaintiff to identify fact patterns that

EXHIBIT 4

may support claims in this lawsuit. Since you have not sought a protective order regarding these documents, I will be filing a motion to compel production of employee records. Please make available all employee records in original location at Eacceleration Headquarters or at offices of Binnett Bigelow and Leedom.

I would like to focus your attention to Defendant's response to paragraph 3 on page 4 of RESPONSE. In this response, you indicate that certain documents have been disclosed as answer. Looking at those documents, I am under belief that they are electronic documents. I hereby request that Defendant provide me access to the original media which contains this information. Please make available all media in original format at the offices of Bennett Bigelow and Leedom or at Eacceleration Headquarters for copying.

I would like to focus your attention to Defendant's response to paragraph 4 on page 4 of RESPONSE. Once again, you indicate that certain documents have been disclosed as answer. Looking at those documents, I am under belief that they are electronic documents. I hereby request that Defendant provide me access to the original media which contains this information. Please make available all media in original format at the offices of Bennett Bigelow and Leedom or at Eacceleration Headquarters for copying.

I would like to focus your attention to Defendant's response to paragraph 5 on page 5 of RESPONSE. Defendant asserts that EE0-1 report does not have any bearing on any of Plaintiff's claims in this lawsuit. However, Plaintiff believes that EEO-1 report represents an important aspect concerning Eacceleration's internal functional structure. Please make available copies of all EEO-1 reports and all documents used in its creation at Bennett Bigelow and Leedom or at Eacceleration Headquarters.

I would like to focus your attention to Defendant's response to paragraph 6 on page 5 of RESPONSE. Defendant claims that Defendant's internal website contains highly proprietary information. Once again, Defendant has failed to seek protective order, and to offer a Protective Order. Please produce the original media containing Eacceleration's internal website containing all data so that Plaintiff can make copies at the offices of Bennett Bigelow and Leedom or at Eacceleration Headquarters. Plaintiff will seek motion to compel discovery otherwise.

I would like to focus your attention to Defendant's response to paragraph 7 on page 6 of RESPONSE. Once again, the Defendant points to documents which have origins as electronic data. Plaintiff hereby requests that Defendant provide original media on which these documents are located, for copying. Please provide access to this media at the offices of Bennett Bigelow and Leedom or at Eacceleration Headquarters. Thanks.

Sincerely,

*Vladik Bykov*
Vladik Bykov

March 14, 2006  
Redmond, WA

COPY RECEIVED  
TIME _____ BY _____

MAR 1 6 2006

BENNETT BIGELOW  
& LEEDOM

Marie R. Westermeier  
c/o Bennett Bigelow and Leedom  
1700 7th Ave., SUITE 1900  
Seattle, WA  98101

  Re: Bykov v Eacceleration, CV05-5251

To: Ms. Marie R. Westermeier,

  I kindly request that you produce the initial disclosure documents in their original, electronic, format. I have already made this request to you, but you have failed to produce the e-mails in their original electronic format.
  It seems there may be discrepancies in the e-mails which you have provided to me in hard copy. For example, document EAC 000798 is an e-mail from Clint Ballard to Jennifer Engstrom, which supposedly was written on July 12th, 2004 at 1:13 PM. However, if you look at document EAC 000769, which is supposedly an answer to document EAC 000798, it was supposedly written on July 12th, 2004 at 1:02 PM. How could an email reply be written to another email before the original e-mail was written?
  The only way to find out why the reply to an email is dated before the original email is to look at the original documents as originally stored on the hard drive. I hope that the Defendant is not involved in spoliation of documents.


Thank you kindly,

*Vladic Bykov* (signature)  
Vladik Bykov

February 19th, 2006
Redmond, WA

COPY RECEIVED
TIME _____ BY _____

FEB 2 2 2006
BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
1700 7th Ave.
Suite 1900
Seattle, WA 98101

    Re: Bykov v Eacceleration, CV05-5251

To Marie R. Westermeier:

    On December 1st, 2005 the Plaintiff, Vladik Bykov, submitted a "Plaintiff's Notice for Inspection of Property to Defendant" requesting permission to enter the physical premises of Eacceleration Corporation, located at 1050 NE Hostmark St., Poulsbo, WA, so that he may inspect, take photographs and/or make videotapes of said premises.
    The Defendant has sought a protective order from the Court denying Plaintiff's request to inspect Eacceleration's physical premises. The Court denied Defendant's request and therefore, the Defendant is now required to permit Plaintiff to enter the aforementioned property for the purposes stated above.
    The Plaintiff kindly requests that Defendant provide a date and time that Plaintiff may enter Eacceleration premises, located at 1050 NE Hostmark St., in Poulsbo, WA for the purposes stated herein. The Defendant should provide a written response within a week of this notice.

Sincerely,

*Vladik Bykov*
Vladik Bykov



EXHIBIT 15