The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VLADIK BYKOV, Pro Se,

        Plaintiff,

        vs.

EACCELERATION CORPORATION, d/b/a
WWW.EACCELERATION.COM; d/b/a
WWW.STOP-SIGN.COM,

        Defendant.

No. CV05-5251(RBL)

**DECLARATION OF MARIE R.
WESTERMEIER IN OPPOSITION
TO PLAINTIFF'S MOTION TO
COMPEL AND MOTION FOR
EXTENSION OF TIME**

I, Marie Westermeier, being over the age of eighteen (18) years and competent to testify to the matters herein, declare and state as follows:

1.    I am one of the attorneys representing Defendant, EACCELERATION CORPORATION in this matter.

2.    Plaintiff has moved to compel depositions of eAcceleration employees and he has moved for an extension of time in which to file his response to Defendant's Motion for Summary Judgment on the grounds that he wants to take the depositions of those employees. Defendant has made the eAcceleration employees available for depositions on two occasions since December 2005, as described below. Each time, Plaintiff has made scheduling extraordinarily difficult by failing to take into account witness schedules, by noting depositions for locations on

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 1

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

the Eastside after the Court has ordered the depositions to take place in Seattle, by refusing to cooperate with me to schedule depositions on dates that work for the witnesses and for counsel, and/or by not following through with the deposition after dates have been offered and set.

3.     On December 1, 2005, the parties met and conferred for purposes of developing a joint status report and discovery plan.   During that conference, the parties agreed that all depositions would be scheduled by mutual agreement.   The very next day, without conferring with me, Plaintiff sent a notice of deposition for Jennifer Engstrom for January 6, 2006, a date that we had not agreed upon, to take place at the Plaintiff's apartment in Redmond.  A true and correct copy of the notice is attached as Exhibit 1A hereto.

4.     Upon receiving the deposition notice, I sent Mr. Bykov an email reminding him that we had agreed to schedule depositions by agreement.  A true and correct copy of my email to the Plaintiff is attached as Exhibit 1B.  In my email, I asked Plaintiff to provide me available dates for his deposition.

5.     The very next day, December 3rd, which was a Saturday, Plaintiff sent another deposition notice for the deposition of Nathan Inabinett to take place on December 16, 2005, which also was a date that the parties had not agreed to.  The Plaintiff attempted to schedule the deposition at Plaintiff's apartment in Redmond.  A true and correct copy of the deposition notice for Mr. Inabinett is attached as Exhibit 2.

6.     Frustrated that Plaintiff was not abiding by our agreement, I sent him an email dated December 4, 2005.  A true and correct copy of that email and Plaintiff's response is attached as Exhibit 3.  Plaintiff provided one date for his deposition: January 30, 2005.  That date was not a date that I had available.

7.     On December 9, Plaintiff sent a deposition notice for the deposition of Clint Ballard to take place at Plaintiff's apartment in Redmond.  A true and correct copy of that notice is attached as Exhibit 4.

8.     On Wednesday, December 14, I sent Plaintiff a list of 7 dates on which Mr. Inabinett was available to be deposed.  I told the Plaintiff that Mr. Inabinett requested that the

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 2

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

deposition take place at my office rather than at the Plaintiff's apartment. A true and correct copy of that email and Plaintiff's response is attached as Exhibit 5. Plaintiff threatened to subpoena Mr. Inabinett if he was unwilling to be deposed in the Plaintiff's apartment.

9.      I also provided several dates for Ms. Engstrom's deposition. Plaintiff ignored those dates and chose a date on which she was not available. On December 20, I sent an email expressing my frustration that the Plaintiff appeared to be deliberately making difficult ordinary scheduling matters. A true and correct copy of that email is attached as Exhibit 6. By email dated December 21, I asked the Plaintiff to please get back to me regarding a date for Ms. Engstrom's deposition. A true and correct copy of that email is attached as Exhibit 7.

10.     Between December 1 and December 20, 2005, Plaintiff submitted 10 Requests for Admission, 3 Requests for Production, 3 Notices of Oral Deposition and 1 set of Interrogatories. He refused to conduct depositions anywhere other than his apartment in Redmond. Accordingly, I filed a motion for a protective order.

11.     On January 9, 2006, this Court entered a protective order that prohibited Plaintiff from having direct contact with managers, officers and directors of eAcceleration, as well as any other employees who asked not to be contacted by him. The order provided that all depositions in the case were to take place at the office of Bennett Bigelow & Leedom. The order struck Plaintiff's first 10 sets of Requests for Admission.

12.     After the protective order was entered, Plaintiff did not pursue the depositions that he had requested in December. Instead, Plaintiff sent a letter requesting new deposition dates for five eAcceleration employees on February 16:   Jennifer Engstrom, Clint Ballard, Danny Robinson, Nathan Inabiinett, and Terry Adkins. I forwarded the request to my client and went on vacation from February 20 until February 27.

13.     While I was away on vacation, Plaintiff repeatedly sent emails and letters to my office asking why I had not provided deposition dates for the witnesses he had identified. True and correct copies of his correspondence and the responses from my office are attached as Exhibits 8A-8E. On February 24, my assistant emailed the Plaintiff and informed him that I was

DECLARATION OF MARIE R. WESTERMEIER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME - 3

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

on vacation. Exhibit 8C. Plaintiff continued to send letters demanding that I respond to him when he knew that I was away. Exhibits 8D-8E.

14.    Plaintiff issued a notice of deposition for Nathan Inabinett on March 1, 2006, stating that the deposition was to take place at the public library in Redmond. A true and correct copy of the deposition notice is attached as Exhibit 9.

15.    Upon receiving the deposition notice, I wrote a letter to the Plaintiff in response to the nine letters that he sent while I was away on vacation. I offered the Plaintiff dates for three of the witnesses whose depositions he sought, including Nathan Inabinett on March 13th in my office. A true and correct copy of that letter is attached as Exhibit 10. The letter again requested that the Plaintiff provide me with some dates on which he was available to be deposed. The Plaintiff did not respond to my letter in any way.

16.    On March 8th, I wrote a letter to the Plaintiff asking him to confirm that the depositions that he had requested would go forward in my office on March 13, 14 and 15 as per my letter of March 3rd. I asked him to confirm the depositions by close of business on Thursday, March 9. A true and correct copy of my March 3rd letter to Plaintiff is attached hereto as Exhibit 11. Plaintiff did not contact me in any way to either confirm or strike the depositions, nor did he appear on the requested dates.

17.    Notwithstanding the fact that the Court had ordered all depositions to occur in my office, and the fact that I had explicitly made Mr. Inabinett available in my office on March 13th, Plaintiff wrote a letter informing me that he waited at the Redmond library for Mr. Inabinett to appear for his deposition on March 13. The Plaintiff asked me to reimburse him for his time spent at the library and for the expenses associated with having a notary public appear. A true and correct copy of the letter is attached as Exhibit 12A. My response is attached as Exhibit 12B.

18.    Not only did Plaintiff fail to follow through with the depositions he scheduled, he failed to appear for his deposition, which had been scheduled more than 30 days in advance, on a date to which he had agreed. During a telephone conversation in March, the Plaintiff offered to

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 4

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

be available for his deposition on April 3rd. I immediately noted his deposition for April 3rd in my office. By letter dated March 3, Plaintiff informed me that he was available for deposition on April 3 *in Redmond*. A true and correct copy of that letter is attached as Exhibit 13A. In a letter dated March 27, the Plaintiff confirmed that he would attend his deposition at my office on April 3rd. A true and correct copy of Plaintiff's letter is attached as Exhibit 13B. The very next day, he wrote a letter stating that "something important came up," and that he would not appear for his deposition. A true and correct copy of that letter is attached as Exhibit 13C. I wrote to the Plaintiff and told him that I did not believe he had a valid reason for not appearing for his deposition. A true and correct copy of my letter is attached as Exhibit 13D. The Plaintiff responded by saying that he didn't understand why I "couldn't postpone the date for a couple of weeks." Again, he failed to provide any reason for failing to appear for his deposition. A true and correct copy of his letter is attached as Exhibit 13E.

19.     On April 3rd, a court reporter waited in my office for one hour for the Plaintiff to appear for his deposition. Plaintiff never appeared.

20.     Immediately after failing to appear for his deposition, the Plaintiff attempted to schedule the depositions of eAcceleration employees for the third time. I was not willing to devote more time and energy into rescheduling the same witnesses for a third time until the Plaintiff's deposition could be rescheduled, and I told him so.

21.     On May 4, 2006, I filed a motion for summary judgment on all remaining claims to avoid further aggravation and expenses associated with his uncooperative behavior.

22.     The day before I filed Defendant's Motion for Summary Judgment, Plaintiff filed his Motion to Compel. I informed the Plaintiff that I would again provide dates for defense witness depositions after he provided me dates for his deposition. To date, Plaintiff has not responded to my request to re-note his deposition.

23.     Since the inception of this case, Plaintiff has propounded 4 sets of interrogatories, 9 sets of requests for production, one notice of intent to inspect property, and 11 sets of requests for admission. After the protective order was entered in January, Plaintiff propounded five sets

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 5

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

of requests for production, one set of requests for admission, 2 sets of interrogatories, and 1 notice of inspection of property. Defendant has produced all documents that relate in any way to the Plaintiff's employment at eAcceleration, including his personnel file and all emails to, from or about the Plaintiff. Defendant also has produced documents related to the training program in which the Plaintiff participated. Defendant has answered Plaintiff's interrogatories and provided a narrative discussion of the reasons that the Plaintiff was terminated. I have spent an extraordinary amount of time responding to Plaintiff's discovery requests, obtaining two protective orders, and attempting to schedule depositions for eAcceleration employees in a case involving only 8 weeks of employment.

24. I have cooperated with the Plaintiff's requests for depositions on two separate occasions and have expended a great deal of time and energy to try to schedule witnesses, only to have the Plaintiff fail to follow through. I also have had to seek protective orders and otherwise spend time to respond to Plaintiff's overly aggressive and pointless discovery requests. Plaintiff has never provided a reason for his failure to appear for the depositions of witnesses I have arranged, nor has he provided a reason for failing to appear for his own deposition. The fact that the Plaintiff has not followed through with depositions when they have been offered in the past, together with his barrage of discovery requests, suggests to me that he is using the discovery process to harass eAcceleration and drive up the cost of litigation rather than for any legitimate purpose.

25. I believe that the Plaintiff has had adequate time and opportunity to take necessary depositions in the six months since our discovery conference, and that if he is granted a an extension of time to respond to Defendant's Motion for Summary Judgment, he will use the time to harass the Defendant with more pointless discovery requests, which will further add to the cost of defending against this case. Defendant wishes to have the case decided on the merits without further delay and expense. Granting the Plaintiff's motion to compel or for an extension of time would reward the Plaintiff for uncooperative and disruptive behavior.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 F: (206) 622-8986

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct to the best of my knowledge and belief.

3    Executed at Seattle, Washington, this 16ᵗʰ day of May 2006.

4

5                                    MARIE R. WESTERMEIER

6

7

8    w:\wdclient\1330\00013\mm614934.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 7

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington  98101
T: (206) 622-5511  F: (206) 622-8986

.

**Exhibit 1A**

**Jennifer L. Bonanno**

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Friday, December 02, 2005 3:08 PM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | Plaintiff's 1st Notice of Oral Deposition and 2nd Notice for Production of Documents to Defendant |



Plaintiffs 1st Notice of
Depos...



ATT226987.txt (89 B)

Dear Marie,

        Please find attached hereto a copy of Notice of Oral Deposition and
2nd Notice of Production of Documents, combined.  I will mail you a
paper copy of the aforementioned Discovery Request through U.S.
Mail.  Please acknowledge receipt of this e-mail.

Thank you kindly,
Vladik Bykov

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VLADIK BYKOV, pro se, | ) |
| | ) |
| Plaintiff, | ) CASE NO. C05-5251 RBL |
| | ) |
| vs. | ) |
| | ) PLAINTIFF'S 1st NOTICE OF ORAL |
| EACCELERATION CORP., | ) DEPOSITION AND 2nd NOTICE FOR |
| d/b/a WWW.EACCELERATION.COM, | ) PRODUCTIONS OF DOCUMENTS TO |
| d/b/a WWW.STOP-SIGN.COM | ) DEFENDANT |
| | ) |
| | ) DATE OF DEPOSITION: January 6th 2006 |
| Defendant | ) |

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
                  1050 NE Hostmark St.100B
                  Poulsbo, WA 98370

## COMBINED DISCOVERY REQUEST

### Notice of Deposition

### And

### 2nd Notice for Production of Documents

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil

Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Jennifer K.

Engstrom, a managing agent of the Responding Party, Eacceleration Corporation, and who

PLAINTIFF'S 1st NOTICE OF - 1
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

1   currently abides at 6519 Lake Dr. in the City of Bremerton and State of Washington. The

2   deposition will take place at the apartment of Plaintiff, Vladik Bykov, located at 7435 159th PL

3   NE, Apartment H347, in the City of Redmond and State of Washington, on Friday on the date of

4   January 6th, 2006, at 10 o'clock AM before a Notary Public, authorized to administer oath. The

5   deposition will start at 10 AM and will continue for up to seven hours, not including a 2 hour

6   break for lunch and other break periods as necessary. You are invited to attend and cross-

7   examine.

8        THE RESPONDING PARTY is requested to produce the following documents at the

9   aforesaid time and place:

10      1.  A copy of the general intelligence exam that Jennifer K. Engstrom did, on or about

11          May 27th, 2004, request that the Plaintiff, Vladik Bykov, take while Plaintiff was

12          under Jennifer K. Engstrom's managerial control during Plaintiff's training period at

13          Eacceleration Corporation.

14      2.  Full and complete copies of all assignments in the form of documents that Jennifer K.

15          Engstrom did assign to Plaintiff, Vladik Bykov, while under Jennifer K. Engstrom's

16          managerial control during Plaintiff's training period at Eacceleration Corporation.

17      3.  Full and complete copies of all training outlines and training materials that were

18          provided to Plaintiif, Vladik Bykov, while he was under Jennifer K. Engstrom's

19          managerial control during Plaintiff's training period at Eacceleration Corporation.

20      4.  Full and complete copies of all training plans and documents that were used by

21          Jennifer K. Engstrom to train Plaintiff, Vladik Bykov, while Plaintiff was under

22          Jennifer K. Engstrom's managerial control during Plaintiff's training period at

23          Eacceleration Corporation.

24      5.  Full and complete copies of all documents showing communication between Jennifer

25          K. Engstrom and Plaintiff, Vladik Bykov, while Plaintiff was under Jennifer K.

26          Engstrom's managerial control during Plaintiff's training period at Eacceleration

27          Corporation. Do not forget to include all e-mails exchanged between Jennifer K.

28          Engstrom and Vladik Bykov.

PLAINTIFF'S 1st NOTICE OF - 2
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

6. Full and complete copies of all document material that Jennifer K. Engstrom did provide to Plaintiff, Vladik Bykov, that provided Plaintiff with information regarding Plaintiff's duties and responsibilities during training and after training.

7. Full and complete copies of all, including, but not limited to, employee handbooks or any other documents that provided the Plaintiff, Vladik Bykov, with information relating to his relationship with Eacceleration Corporation and how he would expect to be treated by Eacceleration Corporation.

As used herein, the term "document" shall include all writings, notes, drafts, outlines, recordings, and files, regardless of storage media; they include, but are not limited to, writings contained on paper, recordable tape, celluloid, disks, hard drives, electronic mail servers, or any other digitally stored media. The term "document" shall also include the full range of writings described in Rule 1001 of the Federal Rules of Evidence.

The deposition shall be taken and recorded by way of video and audio methods. If you choose, you may arrange for any additional methods of recording in accordance with Rule 30(b)(3) of the Federal Rules of Civil Procedure.

People in attendance will consist only of the following:

Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.
Vladik Bykov, Plaintiff
Jennifer K. Engstrom, Deponent

DATED this 2nd day of December, 2005

By: /s Vladik Bykov
VLADIK BYKOV, pro se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

PLAINTIFF'S 1st NOTICE OF - 3
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA 98052
425-869-8379
VLADIK@USA.NET

**Exhibit 1B**

**Jennifer L. Bonanno**

| | |
|---|---|
| **From:** | Marie R. Westermeier |
| **Sent:** | Friday, December 02, 2005 3:22 PM |
| **To:** | 'Vladik' |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | RE: Plaintiff's 1st Notice of Oral Deposition and 2nd Notice for Production of Documents to Defendant |

Vladik,

When we spoke yesterday, we agreed that we would seek mutually agreeable dates for depositions.  I specifically agreed to ask Ms. Engstrom for her availability for a deposition.  Without waiting even for a reply, or checking with my schedule, you have noted her deposition for January 6, 2005.  I am not available on January 6, and neither Ms. Engstrom nor I will be there.  If you would like to confer with me about dates, I would be happy to discuss possible dates as soon as I get them from Ms. Engstrom.  I expect to hear from her early next week.

I also would like to take your deposition in January.  Please provide me with the dates that you are available for your deposition.

Marie Westermeier

-----Original Message-----
From: Vladik [mailto:vladik@usa.net]
Sent: Friday, December 02, 2005 3:08 PM
To: Marie R. Westermeier
Cc: Jennifer L. Bonanno
Subject: Plaintiff's 1st Notice of Oral Deposition and 2nd Notice for Production of Documents to Defendant


Dear Marie,

        Please find attached hereto a copy of Notice of Oral Deposition and 2nd Notice of Production of Documents, combined.  I will mail you a paper copy of the aforementioned Discovery Request through U.S. Mail.  Please acknowledge receipt of this e-mail.

Thank you kindly,
Vladik Bykov

1

**Exhibit 2**

**Jennifer L. Bonanno**

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Saturday, December 03, 2005 10:53 AM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | Plaintiff's 2nd Notice of Oral Deposition to Defendant |



Plaintiffs 2nd Notice of
Depos...

Dear Marie,

        Please find attached hereto a copy of Plaintiffs 2nd Notice of Oral
Deposition to Defendant.  In addition, I will be sending you a paper
copy of this Notice of Oral Deposition through U.S. Mail today.
Please acknowledge receipt of this e-mail.  If you or the deponent
are unable to attend deposition on December 16th, 2005, please let me
know.

Thank you kindly,
Vladik Bykov

cc: Jennifer L. Bonanno

1

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,                          )
                                               )
            Plaintiff,                         )    CASE NO.  C05-5251 RBL
                                               )
      vs.                                      )
                                               )    PLAINTIFF'S 2nd NOTICE OF ORAL
EACCELERATION CORP.,                           )    DEPOSITION TO DEFENDANT
d/b/a WWW.EACCELERATION.COM,                   )
d/b/a WWW.STOP-SIGN.COM                        )    DATE OF DEPOSITION: December 16th,
                                               )    2005
                                               )
            Defendant                          )

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
                  1050 NE Hostmark St.100B
                  Poulsbo, WA  98370

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil

Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Nathan Inabinett, a

managing agent of the Responding Party, Eacceleration Corporation, and who, according to

public records, currently abides at 2529 Sheridan Rd. in the City of Bremerton and State of

Washington.  The deposition will take place at the apartment of Plaintiff, Vladik Bykov, located

at 7435 159th PL NE, Apartment H347, in the City of Redmond and State of Washington, on

PLAINTIFF'S 1st NOTICE OF - 1
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

1  Friday on the date of December 16th, 2005, at 10 o'clock AM before a Notary Public, authorized

2  to administer oath.  The deposition will start at 10 AM and will continue for up to seven hours,

3  not including a 2 hour break for lunch and other break periods as necessary. You are invited to

4  attend and cross-examine.

5       The deposition shall be taken and recorded by way of video and audio methods.  If you

6  choose, you may arrange for any additional methods of recording in accordance with Rule

7  30(b)(3) of the Federal Rules of Civil Procedure.

8       People in attendance will consist only of the following:

9  Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.
   Vladik Bykov, Plaintiff
10  Nathan Inabinett, Deponent

11

12       DATED this 3rd day of December, 2005

13

14                                    By:  /s Vladik Bykov
                                           VLADIK BYKOV, pro se
15                                         7435 159th PL NE H347
                                           REDMOND, WA  98052
16                                         425-869-8379
                                           VLADIK@USA.NET
17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 3**

## Marie R. Westermeier

**From:** Vladik [vladik@usa.net]
**Sent:** Monday, December 05, 2005 1:57 PM
**To:** Marie R. Westermeier
**Subject:** Re: Plaintiff's 2nd Notice of Oral Deposition to Defendant

Dear Marie,

Monday January 30th, 2006 is a good day for you to take my deposition.

Vladik Bykov

On Dec 4, 2005, at 8:28 PM, Marie R. Westermeier wrote:

> Vladik,
>
> On Friday, I asked you for some dates in January on which you were available for your deposition.  You have not answered.  Instead, you have attempted to note the deposition of another eAcceleration employee without clearing the date through me, even though you verbally agreed to do so when we met last week.
>
> I am not available for a deposition on December 16, we do not agree to depositions in your apartment, and I will not agree to schedule any further depositions of eAcceleration employees until your deposition has been completed.
>
> Since we seem to be running into working difficulties at this very early stage of discovery, I suggest that we develop an explicit deposition schedule.  That is, we agree to the date of your deposition, and the deposition of Jennifer Engstrom, which you already asked about, then you tell me the remaining depositions that you would like to take, and we can get those on the calendar.  That will obviate the need for you to just note depositions without regard to my schedule or the schedules of the witnesses.
>
> I do not wish to argue or fight about simple scheduling matters with you, and I can guarantee that the judge won't be happy to hear it either, but if you continue to ignore your promise to schedule depositions through me, I will seek a protective order from the court.
>
> Marie Westermeier
>
> ---
>
> **From:** Vladik [mailto:vladik@usa.net]
> **Sent:** Sat 12/3/05 10:52 AM
> **To:** Marie R. Westermeier
> **Cc:** Jennifer L. Bonanno
> **Subject:** Plaintiff's 2nd Notice of Oral Deposition to Defendant
>
> Dear Marie,
>
> Please find attached hereto a copy of Plaintiffs 2nd Notice of Oral Deposition to Defendant.  In addition, I will be sending you a paper

5/10/2006

copy of this Notice of Oral Deposition through U.S. Mail today.
Please acknowledge receipt of this e-mail.  If you or the deponent
are unable to attend deposition on December 16th, 2005, please let me
know.

Thank you kindly,
Vladik Bykov

cc: Jennifer L. Bonanno

**Exhibit 4**

1

2                                              HONORABLE RONALD B. LEIGHTON

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT,
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10

11   VLADIK BYKOV, pro se,                          )
12              Plaintiff,                          )     CASE NO.  C05-5251 RBL
                                                    )
13          vs.                                     )
                                                    )     PLAINTIFF'S 3rd NOTICE OF ORAL
14   EACCELERATION CORP.,                           )     DEPOSITION TO DEFENDANT
     d/b/a WWW.EACCELERATION.COM,                   )
15   d/b/a WWW.STOP-SIGN.COM                        )     DATE OF DEPOSITION: January 27th, 2006
                                                    )
16                                                  )
                                                    )
17              Defendant                           )

18   _____

19   Noticing Party: Plaintiff, Vladik Bykov

20   Responding Party: Eacceleration Corporation
                      1050 NE Hostmark St.100B
21                    Poulsbo, WA  98370

22                          NOTICE OF DEPOSITION

23        PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil

24   Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Clinton L. Ballard,

25   president of the Responding Party, Eacceleration Corporation, and who currently abides at 8038

26   NE Hidden Cove Rd. on Bainbridge Island in the State of Washington.  The deposition will take

27   place at the apartment of Plaintiff, Vladik Bykov, located at 7435 159th PL NE, Apartment H347,

28   in the City of Redmond and State of Washington, on Friday on the date of January 27th, 2006, at

PLAINTIFF'S 3rd NOTICE OF - 1                          Vladik Bykov Pro Se
ORAL DEPOSITION TO DEFENDANT                           7435 159th PL NE H347
                                                       REDMOND, WA  98052
CASE #: CV05-5251 (RBL)                                425-869-8379
                                                       VLADIK@USA.NET

1  10 o'clock AM before a Notary Public, authorized to administer oath.  The deposition will start

2  at 10 AM and will continue for up to seven hours, not including a 2 hour break for lunch and

3  other break periods as necessary. You are invited to attend and cross-examine.

4       The deposition shall be taken and recorded by way of video and audio methods.  If you

5  choose, you may arrange for any additional methods of recording in accordance with Rule

6  30(b)(3) of the Federal Rules of Civil Procedure.

7       People in attendance will consist only of the following:

8  Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.

9  Vladik Bykov, Plaintiff
   Clinton L. Ballard, Deponent

10  Notary Public

11

12  DATED this 9th day of December, 2005

13

14               By:  /s Vladik Bykov
                  VLADIK BYKOV, pro se

15                    7435 159th PL NE H347

16                    REDMOND, WA  98052
                  425-869-8379

17                    VLADIK@USA.NET

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 5**

**From:** Marie R. Westermeier
**Sent:** Wednesday, December 14, 2005 3:59 PM
**To:** Jennifer L. Bonanno
**Subject:** FW: Nathan Inabinett

----Original Message-----
**From:** Vladik [mailto:vladik@usa.net]
**Sent:** Wednesday, December 14, 2005 3:52 PM
**To:** Marie R. Westermeier
**Subject:** Re: Nathan Inabinett

Hi Marie,

I will have to send him subpoena if he is unwilling to come to my apartment.

Vladik Bykov

On Dec 14, 2005, at 3:46 PM, Marie R. Westermeier wrote:

Vladik,

Nathan Inanbinett is available for his deposition on Jan. 3, 5, 6 and Jan 9, 10,12, 13.  He is unwilling, however, to be deposed in your apartment and requests that the deposition take place in our office.  He also requests that the deposition start no earlier than 9:30 to give him time to travel from his home.  Please let me know as soon as possible what date works so that I can get back to him.


Marie Westermeier
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
206-622-5511 (Telephone)
206-622-8986 (Facsimile)
www.bbllaw.com

## CONFIDENTIALITY NOTICE

The contents of this message may be protected by the attorney-client privilege, work product doctrine or other applicable protection.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this email message in error, please notify the sender via email or telephone at (206) 622-5511.

12/14/05

**Exhibit 6**

# Jennifer L. Bonanno

**From:**       Marie R. Westermeier
**Sent:**        Tuesday, December 20, 2005 11:29 AM
**To:**          'Vladik'
**Cc:**          Jennifer L. Bonanno
**Subject:**     Re: your 13 emails

Vladik,

This email is in response to the 13 emails that I received from you between the end of the day yesterday and this morning.

Protective order. If the order that you attached to the Joint Status Report is indeed the same as the protective order that you sent me on December 1, I apologize. You have sent me a copy of the protective order three times this morning alone, and I have no way of knowing if you have made changes to the copy that you originally sent or not. This is the same difficulty that I had with the multiple iterations of the joint status report, when you refused to tell me what changes you were making. In the future, I am going to ask that you send a document one time. If you make changes to it and re-send it, I request that you use the track changes feature in Word to show what changes you made. It is not reasonable to expect me to review dozens of versions of a document that you revise many times during the course of a day or week when you don't identify the changes.

I will review your draft protective order and make suggested changes using the track changes feature so that my changes will be obvious to you. I ask that if you propose changes in response, that you do the same. Please try to make all of your proposed changes at one time so that you don't send many versions with slight modifications. This gets difficult to track, and it is time consuming and tiresome.

Deposition Location: Please understand that I am not trying to make depositions difficult for you. As I have told you, the witnesses have expressed discomfort at the prospect of being deposed at your apartment, and I am trying to accommodate their needs. You have not been willing to conduct the deposition in a more neutral location, so I am filing a motion for a protective order, and the judge can resolve that issue for us.

Deposition dates and time: I appreciate your willingness to start Nathan Inabinett's deposition later in the day, but please be aware that I have time constraints at the end of the day that require me to leave by 5:00 most days, so I would prefer that we start before 10:30 to ensure that we finish by 5:00, especially on a Friday.

I gave you dates on which Jennifer Engstrom is available in January, and you have chosen a date that she is not available. She works part time and has child care responsibilities on the days that she doesn't work. I took the trouble to check her schedule and give you her dates and you are ignoring the information and unilaterally trying to schedule her deposition without trying to work with her schedule at all. It appears that you are deliberately trying to make things difficult in what should be a pretty simple scheduling matter. I really don't want to spend hours going back and forth about this.

Marie Westermeier
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
206-622-5511 (Telephone)
206-622-8986 (Facsimile)
www.bbllaw.com

**CONFIDENTIALITY NOTICE**
The contents of this message may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender via email or telephone at (206) 622-5511.

**Exhibit 7**

| | |
|---|---|
| **From:** | Marie R. Westermeier |
| **Sent:** | Wednesday, December 21, 2005 12:17 PM |
| **To:** | Vladik Bykov (vladik@usa.net) |
| **Cc:** | Jennifer L. Bonanno; Noelle A. Jackson |
| **Subject:** | Motion for protective order |

Vladik,

I normally try to avoid filing motions around the holidays, but the timing of your discovery requests left me no choice. If you need additional time to respond to the motion due to the holidays, I will not oppose a request to push back the hearing date, provided we have additional time to file our reply.

In view of the fact that we have filed a motion for a protective order, the deadline for responding to your requests for admission is suspended until after the court rules on the motion. Accordingly, the fact that we will not have responded within 30 days should not be construed as admissions of any of the matters in RFAs 1-100.

If we don't get a ruling before January 13th, the deposition set for that day may need to be rescheduled. I also need to hear back from you about a date for Ms. Engstrom's deposition. I do not appreciate that you contacted her directly to demand her presence on January 16th after I told you several times that she was not available on that date, and after I asked you not to contact Accleration employees directly. Ms. Engstorm will not be responding to your email.

Finally, as indicated in our motion papers, we are objecting to your request to inspect the premises of eAcceleration and we will not make it available to you for videotaping. We don't believe that the property has any bearing on your claims or that inspection is calculated to lead to the discovery of admissible evidence.

I will be out of town until December 29th. If you wish to discuss any of these matters, please contact me when I return.

I hope you have a nice holiday.

Marie Westermeier

2/21/05

**Exhibit 8A**

February 21, 2006
Redmond, WA

COPY RECEIVED
BY _____

FEB 2 1 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
1700 7th Ave.
Suite 1900
Seattle, WA  98101


To Ms. Marie R. Westermeier:

My name is Vladik Bykov and I am the Plaintiff in case CV05-5251, "Bykov v. Eacceleration". According to the Federal Rules of Civil Procedures, specifically Rule 30, I intend to take an oral deposition of the following eyewitnesses, which I assume are all current employees of Defendant (Eacceleration Corporation):

1. Jennifer Engstrom
2. Clinton L. Ballard
3. Danny Robinson
4. Nathan Inabinett
5. Terry Adkins

Please respond to this letter by providing me with information, such as a schedule, when these people would be available for a deposition in the next 30 days.

Sincerely,


Vladik Bykov

*Vladic Bykov*

My address:

7435 159th PL NE H347
Redmond, WA  98052

**Exhibit 8B**

COPY
February 23 2006
Time
Redmond, WA

RECEIVED

FEB 2 4 2006

BENNETT BIGELOW
& LEEDOM

Eacceleration Corporation
c/o Bennett Bigelow and Leedom
ATTN: MARIE R. WESTERMEIER
1700 7th Ave., SUITE 1900
SEATTLE, WA  98101

RE:  Bykov v Eacceleration,  CV05-5251

To Marie R. Westermeier:

    This letter is to inform you that a week has passed since I have sent you a letter requesting that you provide me with a timetable or schedule of when the following people would be available for an oral deposition in the next 30 days:

1. Jennifer Engstrom.
2. Clinton L. Ballard
3. Danny Robinson
4. Nathan Inabinett
5. Terry Adkins.

To this day (February 23rd, 2006) I have not heard back from you. I have not received any letters from you indicating when these people would be available for a deposition, nor have I received any telephone calls from you or any of your assistants regarding when these people will be available for an oral deposition.  If I do not hear from you by Monday February 27th, 2006 I will send you notices of depositions for one or more people in this list at a time and place according to my schedule.

Sincerely,

Vladik Bykov
Vladik Bykov

**Exhibit 8C**

# Jennifer L. Bonanno

**From:**   Jennifer L. Bonanno
**Sent:**   Friday, February 24, 2006 12:23 PM
**To:**   'Vladik'
**Subject:** RE: Plaintiff's 3rd Interrogatory Request to Defendant

I am in receipt of the documents you have sent Ms. Westermeier.  She has not responded because she is out of the office on vacation.  She will be in contact with you once she returns.

-----Original Message-----
**From:** Vladik [mailto:vladik@usa.net]
**Sent:** Friday, February 24, 2006 12:22 PM
**To:** Jennifer L. Bonanno
**Subject:** Re: Plaintiff's 3rd Interrogatory Request to Defendant

Ms. Bonanno,

Thank you for your email.  I have sent Ms. Westermeier interrogatories, requests for production and a couple of letters. Please let me know which documents she has received.  It is very important for me to document that fact that I have sent them to Ms. Westermeier, but I have not received a response from her.

Thank you,
Vladik Bykov

On Feb 24, 2006, at 11:40 AM, Jennifer L. Bonanno wrote:

Mr. Bykov:  Please be aware that Marie Westermeier is on vacation this week.  She will be back in the office Monday February 27, 2006.  Please contact me if you have any questions.

Jeni Bonanno
Legal Assistant
Bennett Bigelow & Leedom
1700 Seventh Avenue, Suite 1900
Seattle, WA  98101
Telephone:  (206) 622-5511
Fax:  (206) 622-8986
www.bbllaw.com

## CONFIDENTIALITY NOTICE

The contents of this message may be protected by the attorney-client privilege, work product doctrine or other applicable protection.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you think that you have received this email message in error, please notify the sender via email or telephone at (206) 622-5511.

-----Original Message-----

2/24/2006

**From:**   Vladik [mailto:vladik@usa.net]
**Sent:**   Thursday, February 23, 2006 10:04 AM
**To:**   Marie R. Westermeier
**Cc:**   Jennifer L. Bonanno
**Subject:**     Plaintiff's 3rd Interrogatory Request to Defendant

   << File: Interrogatory 3.doc >>

.

**Exhibit 8D**

**Jennifer L. Bonanno**

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Monday, February 27, 2006 7:55 PM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | February 27th, 2006 3rd letter to Marie R. Westermeier at Bennett Bigelow and Leedom |



February 27th
rd letter to We.

February 27th, 2006
Redmond, WA

Eacceleration Corporation
c/o Bennett Bigeloe and Leedom
ATTN: MARIE R. WESTERMEIER
1700 7th Ave., SUITE 1900
SEATTLE, WA  98101

      RE: Bykov v Eacceleration, CV05-5251

To: Marie R. Westermeier

      On February 16th, 2006 I wrote you a letter requesting that you provide the Plaintiff with a time schedule of the following people so that a deposition could be held at an agreed time and place:

1. Jennifer Engstrom
2. Clinton L. Ballard
3. Danny Robinson
4. Nathan Inabinett
5. Terry Adkins

By February 23rd, 2006 I had still not heard back from you and I wrote you another letter on February 23rd, 2006 indicating that I would be giving you until February 27th, 2006 to contact me regarding the aforementioned matter.  Today is February 27th, 2006 and I still have not heard back from you. I will be sending you a notice of deposition without any regard whether you or your client will or will not be able to attend the deposition.

Sincerely,


Vladik Bykov

**Exhibit 8E**

# Jennifer L. Bonanno

| | |
|---|---|
| **From:** | Jennifer L. Bonanno |
| **Sent:** | Tuesday, February 28, 2006 9:26 AM |
| **To:** | 'eda@eacceleration.com'; 'Clint@eacceleration.com'; 'johnbower@eacceleration.com' |
| **Subject:** | FW: February 27th, 2006 3rd letter to Marie R. Westermeier at Bennett Bigelow and Leedom |

FYI-

-----Original Message-----

| | |
|---|---|
| **From:** | Vladik [mailto:vladik@usa.net] |
| **Sent:** | Monday, February 27, 2006 7:55 PM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | February 27th, 2006 3rd letter to Marie R. Westermeier at Bennett Bigelow and Leedom |



February 27th
·rd letter to We.

March 1st, 2006
Redmond, WA

EACCELERATION CORPORATION
c/o Bennett Bigelow and Leedom
ATTN: Marie R. Westermeier
1700 7th Ave., SUITE 1900
SEATTLE, WA 98101

COPY RECEIVED
TIME _____ BY _____

MAR - 3 2006

BENNETT BIGELOW
& LEEDOM

Re: Bykov v Eacceleration

To: Marie R. Westermeier

On February 16th, 2006 I mailed you a letter asking you to provide me with a time schedule for the deposition of certain employees at Eacceleration. By February 23rd, 2006 I did not hear back from you informing me of when it would be a good time to take the depositions of the following employees:

1. Jennifer Engstrom
2. Clinton L. Ballard
3. Danny Robinson
4. Nathan Inabinett
5. Terry Adkins

On February 23rd, 2006 I wrote you another letter requesting that you at least make contact with me regarding the aforementioned issue.

On February 27th, 2006 I wrote you another letter informing you that I had not been contacted by you, either through the US Mail or by telephone and that I would be sending you a notice of deposition for one of your employees, without any consideration of your or your employee's ability to comply with the notice of deposition. Today is March 1st, 2006 and I have still not heard from you, either by US Mail or by telephone.

Therefore, this letter is to let you know that I am sending you today "Plaintiff's 5th Notice of Oral Deposition to Defendant" for the oral deposition of Nathan Inabinett, scheduled for March 13th, 2006 at the Redmond Regional Library in Redmond, WA.

Sincerely,

Vladik Bykov

Vladik Bykov

**Exhibit 9**

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,

     Plaintiff,

     vs.

EACCELERATION CORP.,
d/b/a WWW.EACCELERATION.COM,
d/b/a WWW.STOP-SIGN.COM

     Defendant

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  C05-5251 RBL

PLAINTIFF'S 5th NOTICE OF ORAL
DEPOSITION TO DEFENDANT

DATE OF DEPOSITION: March 13th, 2006

Noticing Party: Plaintiff, Vladik Bykov

Responding Party: Eacceleration Corporation
     1050 NE Hostmark St.100B
     Poulsbo, WA  98370

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that in accordance with Rule 30 of the Federal Rules of Civil Procedure, the Plaintiff, Vladik Bykov, intends to take the oral deposition of Nathan Inabinett, a managing agent of the Responding Party, Eacceleration Corporation, and who, according to public records, currently abides at 2529 Sheridan Rd. in the City of Bremerton and State of Washington.  The deposition will take place at the conference room at the Redmond Regional Library, located at 15990 NE 85th Street, in the City of Redmond and State of Washington, on

PLAINTIFF'S 5th NOTICE OF - 1
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

Monday on the date of March 13th, 2006, at 11 o'clock AM before a Notary Public, authorized to administer oath.  The deposition will start at 11 AM and will continue for up to seven hours, not including a 1.5 hour break for eating food and other break periods as necessary. You are invited to attend and cross-examine.

The deposition shall be taken and recorded by way of video and audio methods.  If you choose, you may arrange for any additional methods of recording in accordance with Rule 30(b)(3) of the Federal Rules of Civil Procedure.

People in attendance will consist of the following:

Marie R. Westermeier, Counsel of Record for Defendant, Eacceleration Corporation.
Vladik Bykov, Plaintiff
Nathan Inabinett, Deponent
Notary Public

DATED this 1st day of March, 2006

By: /s Vladik Bykov
     VLADIK BYKOV, pro se
     7435 159th PL NE H347
     REDMOND, WA  98052
     425-869-8379
     VLADIK@USA.NET

PLAINTIFF'S 5th NOTICE OF - 2
ORAL DEPOSITION TO DEFENDANT

CASE #: CV05-5251 (RBL)

Vladik Bykov Pro Se
7435 159th PL NE H347
REDMOND, WA  98052
425-869-8379
VLADIK@USA.NET

**Exhibit 10**

**BB**
**& L**

Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 3, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

Re:    Bykov v. eAcceleration

Dear Mr. Bykov:

This letter responds to your nine letters received by this office between February 21 and today. I was out of town the week of February 20 and did not return to the office until Monday of this week.

Four of your letters concern your request for deposition dates for 5 employees and representatives of eAcceleration. (Letters dated 2/16, 2/23, 2/27 and 3/1). Before I left for vacation, I forwarded your request for deposition dates to the appropriate person at eAcceleration. The Human Resources manager is coordinating deposition dates for each person. At this point, the following people can be available at my office on the following dates: Nathan Inabinett on March 13, Jennifer Engstrom on March 14, and Terry Adkins on March 15. I also would like to take your deposition this month. Please provide me with dates in the last two weeks of March when you would be available for a deposition in my office.

I have enclosed the Articles of Incorporation that you requested in Plaintiff's 3rd Notice of Request for Production of Documents to Defendant, No. 3.

With respect to your request to inspect the premises at eAcceleration, I stand by my letter of February 17. Contrary to your assertion, there is no order from the court concerning inspection of the property, but the protective order specifically prohibits you from contacting directly any employees of eAcceleration while they are at work during business hours.

Regarding your request for income documents in Plaintiff's 2d Notice of Request for Production of Documents to Defendant, please refer to the quarterly reports that eAcceleration

Vladik Bykov
March 3, 2006
Page 2

files with the SEC, which list revenue and assets and which you have previously accessed through edgar.com and produced in discovery, such as the 10Q reports.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier

MRW
Enclosure
cc:   Clint Ballard
      John Bower
      Noelle Jackson

w:\wdclient\1330\00013\mm605692.doc)

**Exhibit 11**



### Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 8, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

     Re:    Bykov v. eAcceleration

Dear Mr. Bykov:

     I have not heard from you regarding the deposition dates that I offered next week beginning Monday, March 13, in our office.  Please confirm your intention to go forward with those depositions.  If I do not hear from you by close of business on Thursday, I will assume that the depositions are stricken.

     Very truly yours,

     BENNETT BIGELOW & LEEDOM, P.S.

     Marie R. Westermeier

MRW

cc:  Clint Ballard
     John Bower
     Noelle Jackson

**Exhibit 12A**

March 13th 2006
COPY RECEIVED
TIME Redmond, WA
BY

MAR 1 5 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
c/o Bennett Bigelow and Leedom
1700 7th Ave., SUITE 1900
Seattle, WA 98101

   Re: Bykov v Eacceleration

Dear Mrs. Marie R. Westermeier,

   Today is March 13th, 2006 and you and Nathan Inabinett, the deponent, were supposed to attend today's scheduled deposition at the Redmond Regional Library's at 11AM in Redmond, Washington. You and your client failed to appear at the deposition.
   On March 1st, 2006 I mailed you "Plaintiff's 5th Notice of Oral Deposition to Defendant." through U.S. Mail, informing you that you and your client were to attend the deposition, which was scheduled for 11AM at the Redmond Regional Library located at 15990 NE 85th Street in the City of Redmond, State of Washington. In addition, I mailed a copy of the said notice to Eacceleration Corporation at 1050 NE Hostmark St., Suite 100B in Poulsbo, Washington.  Lastly, I e-mailed you a copy of the said notice on March 2nd, 2006. Yet, you and Mr. Nathan Inabinett did not appear at the scheduled time and place for a deposition of Mr. Nathan Inabinett.
   According to rule 30(b)(1), "A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.  The notice shall state the time and place for taking the deposition and the name and address of each person to be examined..." On March 1st, 2006 I mailed you and Eacceleration Corporation a copy of "Plaintiff's 5th Notice of Oral Deposition to Defendant" through U.S. Mail, which specified that the deposition of Nathan Inabinett would take place on March 13th, 2006 at the Redmond Regional Library. And, I indicated the presumed present address of Mr. Nathan Inabinett. It is presumed because you have failed to produce his address in response to one of my requests for production of documents. Therefore, I have fulfilled the requirements of providing to you notice of the place and time of the deposition and the name and address of the deponent, Nathan Inabinett.
   On March 13th, 2006 I arrived at 10 AM at the Redmond Regional Library in order to set up the video and audio recording equipment for the deposition of Nathan Inabinett. At 11AM a Notary Public from the "Traveling Notary Service", whose telephone number is 425-883-2510, appeared in order to proceed to administer oath to the deponent. However, deponent, Nathan Inabinett, was not present.  I and the Notary Public waited for almost an hour in the conference room of the Redmond Regional Library for your and your client's presence. But, no one showed up. I did not receive a call from you or the deponent telling me that you or the deponent would not be coming to the deposition. In fact, you, nor the deponent, Mr. Nathan Inabinett, ever contacted me by any method informing me that you or Mr. Nathan Inabinett would not be attending the

deposition of Mr. Nathan Inabinett.  I did not see you at the library on March 13th, 2006 and I did not see Mr. Nathan Inabinett.

For your  and your client's failure to appear at the scheduled deposition, and your failure to inform me that you and your client would not appear at the deposition, I kindly request that you reimburse me for all expenses relating to the preparation for the deposition in the amount of $350.00.

Detailed account of fees ($65/hr):

1. Time required to pack all equipment together before leaving for library: 1 hr.
2. Time required to carry out equipment from home and put it in car: .5 hour.
3. Time to take out equipment at library: .5 hr.
4. Time to set up equipment in the library: .5 hr.
5. Waiting time at library for Mrs. Westermeier and Nathan Inabinett: 1 hr.
6. Time to disassemble and pack equipment: .5 hr
7. Time to carry all equipment back to car: .5 hr.
8. Time to carry all equipment back to apartment: .5 hr.
9. Cost of notary public: $25.00

Total: 5 hours x $65 + $25 = $350.00

Please make a check out for $350.00 in my name, Vladik Bykov, and mail it to:

7435 159th PL NE H347
Redmond, WA  98052


Thank you kindly,

Vladik Bykov

Vladik Bykov



This picture shows the conference room where deposition would have taken place if Mrs. Westermeier and Nathan Imbrunett had appeared.

**Exhibit 12B**



Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 15, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

          Re:     Bykov v. eAcceleration

Dear Mr. Bykov:

          I take issue with your letter of March 13th, which I received today.

          As you know, the protective order in this case requires that all depositions take place in my office unless otherwise agreed. After the order was entered, you telephoned me to ask if I would agree to conduct depositions of eAcceleration employees in Redmond because it would be more convenient for you. I told you in no uncertain terms that I would not agree to your proposal. You then ignored our conversation and attempted to unilaterally note the deposition of Nathan Inabinett in Redmond on March 13.

          On March 3, 2006, I wrote you a letter and informed you that Mr. Inabinett could be available for a deposition on March 13 in my office. I also provided you with dates on which two other witnesses were available for depositions in my office. You did not respond. On March 8, I sent another letter asking you to confirm the depositions by close of business on March 9. I told you that if I did not hear from you, that I would assume that the depositions were not going forward. Again you did not respond.

          Having offered to make Mr. Inabinett available in my office (in accordance with the court order) on a date that you requested, I decline to reimburse you for your time or for any expenses

Vladik Bykov
March 15, 2006
Page 2


that you incurred in your efforts to conduct a deposition in derogation of the court order.  Please be advised that any future attempts to note depositions in any location other than the offices of Bennett Bigelow & Leedom will not be honored.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier

MRW

cc:   Clint Ballard
      John Bower
      Noelle Jackson



Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 3, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

     Re:    Bykov v. eAcceleration

Dear Mr. Bykov:

     This letter responds to your nine letters received by this office between February 21 and today. I was out of town the week of February 20 and did not return to the office until Monday of this week.

     Four of your letters concern your request for deposition dates for 5 employees and representatives of eAcceleration. (Letters dated 2/16, 2/23, 2/27 and 3/1). Before I left for vacation, I forwarded your request for deposition dates to the appropriate person at eAcceleration. The Human Resources manager is coordinating deposition dates for each person. At this point, the following people can be available at my office on the following dates: Nathan Inabinett on March 13, Jennifer Engstrom on March 14, and Terry Adkins on March 15. I also would like to take your deposition this month. Please provide me with dates in the last two weeks of March when you would be available for a deposition in my office.

     I have enclosed the Articles of Incorporation that you requested in Plaintiff's 3rd Notice of Request for Production of Documents to Defendant, No. 3.

     With respect to your request to inspect the premises at eAcceleration, I stand by my letter of February 17. Contrary to your assertion, there is no order from the court concerning inspection of the property, but the protective order specifically prohibits you from contacting directly any employees of eAcceleration while they are at work during business hours.

     Regarding your request for income documents in Plaintiff's 2d Notice of Request for Production of Documents to Defendant, please refer to the quarterly reports that eAcceleration

Vladik Bykov
March 3, 2006
Page 2


files with the SEC, which list revenue and assets and which you have previously accessed through edgar.com and produced in discovery, such as the 10Q reports.

Very truly yours,

BENNETT BIGELOW & LEEDOM, P.S.

Marie R. Westermeier

MRW
Enclosure
cc:    Clint Ballard
       John Bower
       Noelle Jackson

w:\wdclient\1330\00013\mm605692.doc}



## Bennett Bigelow & Leedom, P.S.

Law Offices

Marie R. Westermeier
Attorney
mwestermeier@bbllaw.com

March 8, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

      Re:    Bykov v. eAcceleration

Dear Mr. Bykov:

      I have not heard from you regarding the deposition dates that I offered next week beginning Monday, March 13, in our office. Please confirm your intention to go forward with those depositions. If I do not hear from you by close of business on Thursday, I will assume that the depositions are stricken.

      Very truly yours,

      BENNETT BIGELOW & LEEDOM, P.S.

      Marie R. Westermeier

MRW

cc:   Clint Ballard
      John Bower
      Noelle Jackson

{1330.00013/MM608694.DOC, Ver. 1}

**Exhibit 13 A - E**

COPY RECEIVED

TIME_____BY ————————
March 6th, 2006
Redmond, WA   MAR — 7 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
Bennett Bigelow and Leedom
1700 7th Ave., SUITE 1900
SEATTLE, WA 98101

Re: Bykov v Eacceleration, CV05-5251

To: Marie R. Westermeier

You can take my deposition here in Redmond at the Redmond Regional Library on April 3rd, 2006. Redmond Regional Library is located at 15990 NE 85th Street in Redmond, only about a 10 minute walk from my apartment.

Having to travel to Seattle would be very stressful for me, as I found out after coming to your office on December 1st, 2005, which was just for a simple conference.

Having the deposition in Redmond would make it less stressful for me, enabling me to be a better deponent. During lunch break, because of my mental problems, I would be able to walk home and sleep for an hour or so, which I do almost every day. If I have to travel to Seattle, I would not be able to participate in a full day's deposition, as it would be too stressful without being able to sleep. I would probably only be able to stay a couple of hours.

Traveling to the Redmond Regional Library for you from Seattle is very easy. You can take bus ST545 at Olive Way and 8th Ave.(just a couple of blocks away from you) at 10am and arrive at NE 85th St and 161st Ave. NE in Redmond at 10:36 AM. A 5 minute walk 0.1 miles West to 15990 NE 85th St will take you to the library. The bus fare is $2.50 each way.

In order to use the conference room at the Redmond Regional Library, you must make a reservation. The library's phone number is: 425-885-1861 and the conference room is available 10am-9pm Monday through Thursday and 10am-6pm on Friday. These times would be enough for a full day of interrogation. There is no fee for the use of the conference room. The conference room has a large conference table and nice comfortable chairs. There is plenty of light, and it is a very quiet and comfortable room.

I am available for the deposition at a time convenient for you during the month of March. You should contact the Redmond Regional Library soon to make sure a day is available in March for the deposition.

Thank you,

Vladik Bykov

Vladik Bykov

March 27th, 2006
Redmond, WA

Marie R. Westermeier
Bennett Bigelow and Leedom
1700 7th Ave., SUITE 1900
Seattle, WA  98101

COPY RECEIVED
TIME _____ BY _____

MAR 2 8 2006

BENNETT BIGELOW
& LEEDOM

Re: Deposition of Plaintiff in case CV05-5251

To: Marie R. Westermeier

I will be coming to the deposition on Monday April 3rd, 2006 at your office.  This letter is to give you notice that I will also be recording the deposition through audio and video methods.

Sincerely,

*Vladik Bykov*

Vladik Bykov

TIME _____ COPY RECEIVED
BY _____
March 28th, 2006
Redmond, WA MAR 3 0 2006

BENNETT BIGELOW
& LEEDOM

Marie R. Westermeier
BENNETT BIGELOW and LEEDOM, P.S.
1700 7th Ave., SUITE 1900
SEATTLE, WA  98101

   Re: Bykov v. Eacceleration, CV05-5251

To: Marie R. Westermeier

   This letter is to inform you that I will not be able to appear as deponent at your office, as scheduled, on Monday April 3rd, 2006 for a deposition.  Something important has come up, and I will not be able to come.
   Please disregard my letter dated March 27th, 2006 where I agree to come to your office on April 3rd, 2006.  However, I will be able to appear as deponent at your office during the week of April 17th, 2006, preferably towards the end of it.


Sincerely,

Vladik Bykov
Vladik Bykov



## Bennett Bigelow & Leedom, P.S.

Law Offices

**Marie R. Westermeier**
Attorney
mwestermeier@bbllaw.com

March 29, 2006

Vladik Bykov
7435 159th Place NE, #H347
Redmond, WA 98052

  Re: Bykov v. eAcceleration

Dear Mr. Bykov:

  In a letter dated March 27, you confirmed that you would appear for your deposition that has been noted for April 3, 2006, a date that you offered approximately one month ago.  Today I received a letter from you stating that "something has come up," and that you will not attend your deposition.  Please be advised that I do not consider "something coming up" at this late date to be a valid excuse for not appearing for your properly scheduled and noticed deposition.  If you do not appear on April 3, I will request that sanctions be imposed, up to and including dismissal of your lawsuit.

    Very truly yours,

    BENNETT BIGELOW & LEEDOM, P.S.

    Marie R. Westermeier

MRW

cc: Clint Ballard
  John Bower
  Noelle Jackson

**Jennifer L. Bonanno**

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Friday, March 31, 2006 7:06 AM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | PDF Copy of March 31st letter to Westermeier |



March 31st
ter to Westerme

       Please find attached hereto a copy of a March 31st letter which will
be mailed out today in paper form through U.S. Mail.

Vladik Bykov

1

March 31st, 2006
Redmond, WA

Marie R. Westermeier
BENNETT BIGELOW AND LEEDOM, P.S.
1700 7th Ave., SUITE 1900
SEATTLE, WA 98101

    Re: Bykov v Eacceleration

To: Marie R. Westermeier,

    I received a letter from you today where you inform me that you do not like the fact that I will be unable to come to a deposition which you have arranged for Monday April 3rd, 2006. In fact, it seems to me you are furious. However, you have not indicated to me why you must have the deposition on Monday April 3rd, 2006. I don't see why you couldn't postpone the date for a couple of weeks. You have not explained any hardship that you may suffer resulting from a rescheduling of my deposition.

    I wrote you a letter on Monday April 27th, 2006 informing you that I would be able to come and that I would be recording the deposition through audio and video means. However, the next day I realized that I would be unable to come to the deposition and I immediately wrote you a letter back telling you so.

    In my letter I told you that something important had come up, but that I would be able to appear at your office for a deposition on the week of the 17th of April. In your response letter to me you misquote me by saying that I told you "something has come up." Shame on you Ms. Marie R. Westermeier. What I in fact said was "something important has come up." Please take a look at my letter.

    I guess you are trying to convey that whatever came up is not as important as you taking my deposition on the date, which you, in fact never asked me about. You never asked me if I could come to your office on April 3rd, 2006 for a deposition. You simply mailed me a notice of deposition, noting April 3rd, 2006.

    In your letter you say I offered you April 3rd, 2006 as a date for a deposition. Very inaccurate on your part and shame on you. I offered April 3rd for a deposition here in Redmond, not Seattle. Why do you continue to misconstrue facts?

    You could have been nice and called me up. But, it seems that is not your way of doing or agreeing to things. You are very bossy and do not have any professional respect as an attorney to the fact that I am not an attorney. You belittle me and behave like you are a superior human being.

    You have tried to take every advantage of me at every possible moment. You have failed to provide full and complete responses to my discovery requests. You have tried to sneak in a motion for partial summary judgment through a protective order. Shame on you.

    You have failed to agree to a deposition venue convenient to me, without telling me why it would be inconvenient for you to travel to Redmond on a bus route that starts around the corner from you, and arrives a street away from Redmond library – travel time: 36 minutes. Why are you trying to be so difficult? Is it because you are trying to

trip me up due to the fact I am not an attorney and you believe that tripping me is a good tactic to use in this case? Why are you threatening me with dismissal of this case? Are you trying to somehow provoke me? What is the purpose of you threatening to dismiss this case? Please let me know.

You have failed to participate in Rule 37 discovery conferences. You have failed to provide additional information to one of my interrogatories after promising to do so. You have failed to produce documents relevant to my claims. You have failed to answer discovery request on time. You have failed to answer my letters. You have failed to agree to participate in a deposition at any other place other than your Seattle office. You have failed to explain why you could not go somewhere else to have a deposition. You have failed to keep an appointment time for our Rule 37 conference.

You have recently launched a Blitzkrieg by trying to sneak in a motion for partial summary judgment in the form of a protective order. Once again, you are trying to trip me up. What more will you do to trip me up? I hope the judge sees what you are doing and sanctions you for such conduct.

I am simply begging you to be understanding and postpone the day for the deposition. You have already indicated that you are willing to do the deposition over a number of days. Lets find another day instead of April 3rd. Could you at least do that for me? Is there something that you want from me? Please let me know.

Since something important has come up, I will not appear at your office on April 3rd, 2006. Please call me or write me a letter so that we can agree on a new date sometime during the week of the 17th of April.


Thank you,


Vladik Bykov