The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

VLADIK BYKOV, Pro Se,

    Plaintiff,

vs.

EACCELERATION CORPORATION, d/b/a WWW.EACCELERATION.COM; d/b/a WWW.STOP-SIGN.COM,

    Defendant.

No. CV05-5251(RBL)

**DECLARATION OF MARIE R. WESTERMEIER IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN**

I, Marie Westermeier, being over the age of eighteen (18) years and competent to testify to the matters herein, declare and state as follows:

1.    I am one of the attorneys representing Defendant, EACCELERATION CORPORATION in this matter.

2.    Throughout the course of litigation in this case, Plaintiff has acted unreasonably and uncooperatively, resulting in unnecessary expense for Defendant. After I drafted a simple joint status report and emailed it to the Plaintiff, he made a series of changes to the document, and sent dozens of new iterations to me for my approval, often in rapid succession. When I asked him to please redline his changes so that I could quickly identify the changes, he refused. This forced me to review each draft and compare it to my original. This kind of behavior

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO MOTION TO REOPEN - 1

LAW OFFICES
**BENNETT BIGELOW & LEEDOM, P.S.**
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

resulted in needless time on my part and extra expense to my client, and it characterized my interactions with the Plaintiff from the beginning of the case.

3. At the outset of the case, Plaintiff propounded excessive and inappropriate discovery, which required Defendant to seek and obtain protective orders. Plaintiff also insisted on taking depositions at his apartment in Redmond, which resulted in a protective order requiring that all depositions take place in my office. Even after the protective orders were in place, Plaintiff moved to compel answers to discovery requests which had been stricken, and he continued to attempt to note depositions in Redmond. He also propounded more discovery requests.

4. On three occasions, Defendant spent considerable time and energy to make witnesses available to Plaintiff to be deposed. Each time, the Plaintiff failed to follow through with the depositions either by failing to confirm the dates or by failing to appear on the dates that had been set for depositions.

5. On April 3, 2006, Plaintiff failed to appear in my office for his own properly noted deposition. On April 10, the Court granted Defendant's Second Motion for Protective Order.

6. On May 2, 2006, the Court granted Defendant's Motion for Partial Summary Judgment dismissing claims related to the employment testing. On May 4, Defendant filed a second Motion for Partial Summary Judgment on Remaining Claims. The Plaintiff sought and obtained an extension of time to file his opposition, and the hearing was renoted to June 23, 2006. In the Court's Order granting Plaintiff's extension of time, the Court warned Plaintiff that further discovery abuses would result in sanctions up to and including dismissal.

7. Plaintiff has offered to dismiss the case on two prior occasions, but changed his mind each time. The first time that Plaintiff contacted me about dismissing the case was at the end of May 2006. Defense witnesses were scheduled to be deposed on Tuesday, May 30, 2006 and on June 6, 2006. On Friday, May 26, I traveled to Poulsbo to meet with the May 30th witnesses to prepare for their depositions. That same day, which was the Friday before

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO MOTION TO REOPEN - 2

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

Memorial Day weekend, Plaintiff sent an email at 4:58 p.m., which said in pertinent part: "I will be unable to take depositions because it will be too stressful for me. I also have decided to dismiss the whole case because of too much stress." True and correct copies of those emails are attached as Exhibit 1.

8. After having canceled the depositions and having communicated his intention to dismiss the case, the Plaintiff apparently changed his mind. He appeared at my office on May 30, 2006, stating that he was ready to take the depositions that he had canceled.

9. Also on May 30, 2006, the Court issued an order that required the Plaintiff to submit to a deposition before he was permitted to take depositions of Defendant's witnesses. Based on that order, the parties agreed to take Plaintiff's deposition on June 9, 2006, and to reschedule defense witnesses after that.

10. On May 31, 2006, Defendant filed a Motion to Dismiss Complaint, for Sanctions and for Relief from the obligation to produce witnesses based on Plaintiff's failure to attend his own properly noted deposition. The noting date for the motion was June 16, 2006.

11. While the motion to dismiss and for sanctions was pending, Plaintiff contacted me a second time expressing his wish to dismiss the complaint. He wanted to know if I would agree to dismiss the complaint without costs to either party. His primary concern seemed to be to make sure that he would not be responsible for any costs. Given the fact that we had two motions pending, including a motion for sanctions, we were tempted to wait for a ruling on the merits and for an order imposing sanctions, after which we would pursue an action against him for filing a frivolous lawsuit. Ultimately, we decided to agree to dismiss the case to limit any further costs and fees to eAcceleration.

12. On June 2, 2006, I emailed a stipulation and order of dismissal to the Plaintiff with my electronic signature, and I gave him my permission to file it. Rather than simply signing and filing it, Plaintiff revised the stipulation to dismiss without prejudice. Four minutes later, he emailed another version, without identifying the change. I refused to agree to the stipulation unless the dismissal was with prejudice. At that point, the Plaintiff claimed that I was

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO MOTION TO REOPEN - 3

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

"pressuring him," and he refused to file the stipulation to dismiss. True and correct copies of those emails are attached as Exhibit 2.

13. After having changed his mind a second time about dismissing the case, Plaintiff then sent an email over the weekend asking if Defendant would pay $30,000 to settle the case. True and correct copies of those emails are attached as Exhibit 3. I did not respond. Finally, two days before his deposition, at 10:15 p.m. on Wednesday, June 7, 2006, Plaintiff filed his "stipulated" motion to dismiss, which he had redrafted on his own pleading paper. He cut and pasted my signature from my proposed stipulation and order and filed it with the Court. Although I found it objectionable that he cut and paste my signature on a document I had not approved, I did not challenge it in the interest of putting an end to the case once and for all.

14. At no time did I place pressure on the Plaintiff to dismiss his case. I believed that our motion for summary judgment was strong and that the case was likely to be dismissed on the merits, and that the Plaintiff should be sanctioned for having filed a frivolous lawsuit.

15. Defense costs for eAcceleration in this case to date have exceeded $60,000, largely due to Plaintiff's excessive discovery requests and unreasonable and uncooperative behavior.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Seattle, Washington, this 9 day of October 2006.



MARIE R. WESTERMEIER

w:\wdclient\1330\00013\mm637493.doc

DECLARATION OF MARIE R. WESTERMEIER IN
OPPOSITION TO MOTION TO REOPEN - 4

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

## Marie R. Westermeier

**From:** Vladik [vladik@usa.net]
**Sent:** Friday, May 26, 2006 4:15 PM
**To:** Marie R. Westermeier
**Subject:** Re: Dismissal

Do you agree to stipulate to dismissal? - Without costs?

Vladik

On May 26, 2006, at 3:27 PM, Marie R. Westermeier wrote:

> Nathan and Jenn are scheduled to be in my office on Tuesday. You have my permission to move to dismiss today. If you do not file today, and you fail to take the depositions on Tuesday, I will move for sanctions and for dismissal.
>
> -----Original Message-----
> From: Vladik [mailto:vladik@usa.net]
> Sent: Fri May 26 15:11:16 2006
> To: Marie R. Westermeier
> Subject: Dismissal
>
> Hello,
>
> If you like, lets communicate. I am ready to dismiss case.
>
> Vladik

EXHIBIT 1

# Marie R. Westermeier

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Friday, May 26, 2006 4:58 PM |
| **To:** | Marie R. Westermeier |
| **Subject:** | Dismissal and Cancellation of Depositions |

Marie Westermeier,

      I will be unable to take depositions becuase it will be too stressful for me.  I also have decided to dismiss the whole case because of too much stress.  If you stipulate to a complete dismissal without costs, I will file a stipulated dismissal with noting day of today. Write me an e-mail or a letter in PDF format so that I can file it with the motion.

Thanks,
Vladik

1

## Marie R. Westermeier

| | |
|---|---|
| **From:** | Jennifer L. Bonanno |
| **Sent:** | Friday, June 02, 2006 11:21 AM |
| **To:** | 'Vladik' |
| **Cc:** | Marie R. Westermeier |
| **Subject:** | (1330.013) Bykov v. eAcceleration |

Attached, in pdf format, is the Stipulation and Order of Dismissal which has been signed by Marie Westermeier. In addition, I have attached a signature page in Word for you to sign, pdf and attach to the Stipulation. The entire document can then be filed with the court.

  

**Stip  Order of  Stip  Dismissal
 ismissal (MM6.  Bykov Signa...**

Jeni Bonanno
Legal Assistant
Bennett Bigelow & Leedom
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
Telephone: (206) 622-5511
Fax: (206) 622-8986
www.bbllaw.com

**CONFIDENTIALITY NOTICE**
The contents of this message may be protected by the attorney-client privilege, work product doctrine or other applicable protection. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender via email or telephone at (206) 622-5511.

EXHIBIT 2

## Marie R. Westermeier

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Friday, June 02, 2006 11:49 AM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | My version of joint stipulation. |



**Stipulated
tion to Dismiss**

```
Ok. Here is my version.
```

# Marie R. Westermeier

| | |
|---|---|
| **From:** | Vladik [vladik@usa.net] |
| **Sent:** | Friday, June 02, 2006 11:53 AM |
| **To:** | Marie R. Westermeier |
| **Cc:** | Jennifer L. Bonanno |
| **Subject:** | Updated version |



**Stipulated
tion to Dismiss**

```
        Hi,

    I just added something to the stipulation

Vladik
```

1

## Marie R. Westermeier

**From:** Vladik [vladik@usa.net]
**Sent:** Monday, June 05, 2006 12:30 AM
**To:** Marie R. Westermeier
**Subject:** Settlement Issue

Please explain to Clinton that with $30,000 I will be able to get mental care. No money for mental care means bad things to me.  He told me at one point that he wanted to help me.

Thank you,
Vladik

1

EXHIBIT 3

## Marie R. Westermeier

**From:** Vladik [vladik@usa.net]
**Sent:** Monday, June 05, 2006 12:05 AM
**To:** Marie R. Westermeier
**Subject:** Settlement?

To: Marie R. Westermeier,

      Will Clinton settle for $30,000?

Vladik