HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VLADIK BYKOV, pro se,

    Plaintiffs,

    v.

EACCELERATION CORP., d/b/a
WWW.EACCELERATION.COM, d/b/a
WWW.STOP-SIGN.COM,

    Defendants.

Case No. C05-5251 RBL

ORDER OF REFERRAL

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion to Reopen Case and for Recusal [Dkt. #102].

Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff, Vladik Bykov, has moved to reopen this case which was closed based upon stipulation [Dkt. #101]. In conjunction with his motion to reopen, he seeks to recuse this Court pursuant to 28 U.S.C. §§ 144 and 455. Under our local rules, a motion to recuse is referred to the Chief Judge. GR 8, Local Rules W.D. Washington. However, the local rule also provides that "[b]efore any ruling is made on a motion to recuse any judge, the challenged judge will be afforded an opportunity to review the motion papers and decide whether to recuse voluntarily." Id. This Court has reviewed the motion and for the reasons stated herein, declines to voluntarily recuse itself.

Plaintiff, pro se, filed a complaint against defendant eAcceleration Corp. alleging that defendant discriminated against plaintiff by failing to accommodate plaintiff's mental disability and by wrongfully

discharging plaintiff in violation of the Americans With Disabilities Act and the Washington Law Against Discrimination. The complaint contained fourteen separate causes of action. The complaint was ultimately dismissed by way of a Stipulated Motion and Order of Dismissal [Dkt. #101]. Plaintiff claims that this Court should reopen his case and then recuse itself because of this Court's alleged bias towards plaintiff. As evidence of the alleged bias, plaintiff points to rulings made by this Court in the course of the litigation which controlled the way discovery would proceed and dismissed one of his claims upon defendant's motion [See Dkt. #61].

The Court's rulings on matters before it rarely justify recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 542 (1994). Here, plaintiff's allegations that the Court limited the discovery process in such a way which made it impossible for him to proceed with his lawsuit and forced plaintiff to dismiss the case do not demonstrate that the Court harbors "a deep-seated favoritism or antagonism" towards plaintiff "that would make fair judgment impossible." The Court declines to recuse voluntarily.

The Clerk, if he has not already done so, shall refer this matter to the Chief Judge pursuant to GR 8, Local Rules W.D. Washington. Plaintiff's motion to reopen will be stayed pending the Chief Judge's ruling on the motion to recuse.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 13th day of October, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE