UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
VLADIK BYKOV, pro se,               )   No. C05-5251RBL
                                    )
                Plaintiff,          )
        v.                          )   ORDER DENYING PLAINTIFF'S
                                    )   REQUEST TO REMOVE
EACCELERATION CORP., d/b/a          )   JUDGE LEIGHTON
WWW.EACCELERATION.COM, d/b/a        )
WWW.STOP-SIGN.COM,                  )
                                    )
                Defendant.          )
_____ )

This matter comes before the Court under Local General Rule 8(c). Plaintiff Vladik Bykov filed a pro se "Motion to Reopen Case and for Recusal" (Dkt. #102) with accompanying declaration (Dkt. #103) and a "Certificate of Plaintiff Stating that Motion to Recuse Hon. Judge Ronald B. Leighton made in Good Faith" (Dkt. #109). The Honorable Ronald B. Leighton, United States District Judge, declined to recuse himself voluntarily and the matter was referred to the Chief Judge for review (Dkt. #108). Petitioner's motion is therefore ripe for review by this Court.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE LEIGHTON

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991); United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1980); see also Liteky v. United States, 510 U.S. 540, 555 (1994) (explaining the narrow bases for recusal). A litigant cannot, however, use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).[1]

Plaintiff argues that Judge Leighton's decisions, including: denying plaintiff's request to take depositions at a place convenient for the plaintiff; taking "sides on factual issues in a ruling on a motion for partial summary judgment and never rul[ing] on a motion to strike"; signing defendant's protective orders; and denying plaintiff the opportunity to obtain discovery on the issue of intelligence testing are "act[s] of bias and prejudice." See Dkt. #102 at 3; Dkt. #109 at 2. Petitioner does not identify any extrajudicial source of the alleged prejudice: the only suggestion of bias is the judge's earlier decisions. In such circumstances, the risk that the litigant is using the recusal motion for strategic purposes is considerable. See Ex Parte Am.

---

[1] Objections to a judge's decisions are properly raised through an appeal, not a motion to recuse.

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE LEIGHTON   -2-

Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913).  Because a judge's conduct in the context of judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties as the presiding judicial officer, petitioner has not met the burden of showing an appearance of bias.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Leighton's impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, petitioner's request to remove Judge Leighton from this matter is DENIED.

DATED this 18th day of October, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
REQUEST TO REMOVE JUDGE LEIGHTON    -3-